IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO VALLEY CONCRETE LLC<br><br>    *Plaintiff,*<br><br>v.<br><br>GRUPPO EF TECNOLOGIE USA, LLC<br><br>and<br><br>AIR LIQUIDE ADVANCED<br>TECHNOLOGIES U.S. LLC<br><br>    *Defendants.* | Case No.4: 25-cv-01531<br><br>Judge Benita Y. Pearson |

Defendant Air Liquide Advanced Technologies U.S. LLC ("Air Liquide") moves this Court to be dismissed with prejudice from this case for lack of personal jurisdiction, improper venue, and for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B)(2), 12(B)(3) and 12(B)(6).

This case involves a payment dispute between Plaintiff Ohio Valley Concrete LLC ("Ohio Valley") and Co-Defendant Gruppo EF Tecnologie USA, LLC ("Gruppo") regarding a construction project in Pennsylvania. Gruppo, the general contractor on the project, hired Ohio Valley as a subcontractor to perform a certain course of work. Ohio Valley claims that it has not been paid by Gruppo for the work it performed. Air Liquide has been dragged into the dispute simply because it is the project owner. Air Liquide should be dismissed as a party because (1) this Court lacks personal jurisdiction over Air Liquide and (2) the real dispute is a payment dispute relating to a Pennsylvania construction project for which there is no valid claim for unjust

enrichment under either Ohio or Pennsylvania law.

## THE COMPLAINT AND FACTUAL BACKGROUND

### I.    The underlying Pennsylvania construction project.

While the Complaint seeks over $2 million in damages, its nine paragraphs are remarkably sparse in detail.   Air Liquide has provided the attached Affidavit so that the Court can understand the relationship between the parties and the construction project that underlies the Complaint. This dispute involves a new biogas facility construction project owned by Air Liquide outside Pittsburgh in Center Township, Pennsylvania (the "Pennsylvania Project").[1]   Gruppo is a biogas plant manufacturer.   Air Liquide hired Gruppo as the general contractor for its Pennsylvania Project.[2]   Gruppo in turn subcontracted with Ohio Valley[3] and Ohio Valley alleges it made improvements to the Pennsylvania Project "at the direction of Gruppo."[4]

The Complaint establishes that a payment dispute exists between Ohio Valley and Gruppo, and Ohio Valley alleges that Gruppo owes it $2,082,332 pursuant to verbal and written contracts between Ohio Valley and Gruppo.[5]   Ohio Valley has filed a Mechanic's Lien against the Pennsylvania Project.[6]   The lien affirmatively establishes that Ohio Valley was working as a subcontractor for Gruppo on the Pennsylvania Project that is owned by Air Liquide.[7]

> 2. Claimant, as a sub-contractor, provided labor, services, materials, or equipment (the "**Work**") for the improvement of the real property located in the **County of Indiana** at **119 Business Park, Lot 2, Center Township, Pennsylvania 15748** (the "**Property**"). The Property's Indiana County Uniform Parcel Identifier Number is **12-023-127.01A1**, and is further described as follows:
>
> See **Exhibit A-1** attached hereto and incorporated herein.

---

[1]  See Air Liquide Affidavit attached as Exhibit A, ¶8.
[2]  Exhibit A, ¶9.
[3]  Exhibit A, ¶10.
[4]  Complaint, ¶4.
[5]  Complaint, ¶¶1 and 2.
[6]  A copy of the lien is attached as Exhibit B.
[7]  *Id.*

3. The owner of the Property and improvement subject to the lien, according to Indiana County tax records is **AIR LIQUIDE ADVANCED TECHNOLOGIES U.S., LLC** ("**Owner**") whose tax mailing address is **2790 Mosside Boulevard, Suite 195, Monroeville, Pennsylvania 15146.**

4. Claimant files this Claim as a subcontractor. Claimant provided the Work under a written subcontractor agreement with **GRUPPO EF TECHNOLOGIES USA, LLC,** a New York limited liability company, whose address is **12 East 10th Street, #3R, New York City, New York 10003** (the "**Contractor**") in connection with the improvement to the Property. A copy of the most recent written subcontractor agreement, dated **January 17, 2024,** is attached hereto as **Exhibit B-1** and incorporated herein.

Ohio Valley's lien does not aver that it was working for or had any contractual relationship with Air Liquide, and does not allege that it did any work for Air Liquide for which Air Liquide has an independent obligation to pay.

Likewise, the written contracts attached as Exhibit 1 to Ohio Valley's Complaint are between Ohio Valley and Gruppo. Air Liquide is not listed as party to those contracts and is not a signatory on any of those contract documents. The account attached to the Complaint as Exhibit 2 further shows an account between Ohio Valley and Gruppo with billings to Gruppo in Dallas, Texas, for work performed in Pennsylvania. The Complaint does not otherwise allege any direct contractual or business relationship between Ohio Valley and Air Liquide, and instead demands judgment against Air Liquide solely on an unjust enrichment basis.

## II.    The Pennsylvania Project has no relationship to Ohio.

Air Liquide is a Delaware limited liability company with its principal place of business at 9811 Katy Fwy Ste 100, Houston, Texas.[8] It has not contracted to supply services or goods to Ohio Valley in this state or in any other state and has not transacted any business with Ohio Valley in Ohio or elsewhere.[9]

---

[8] Exhibit A, ¶3.
[9] Exhibit A, ¶13.

Air Liquide does not have an office or agency in Ohio and does not own, use, possess, or hold a mortgage or other lien on any real property within Ohio.[10]  Air Liquide does not have any employees, facilities, or offices in Ohio, and the real property referenced in the Complaint is located in Pennsylvania, not Ohio.[11]  The only connection between Air Liquide and the State of Ohio is an attenuated one – Gruppo subcontracted with Ohio Valley for Air Liquide's Pennsylvania Project and Ohio Valley's business location is Columbiana County, Ohio.  The hiring of Ohio Valley as a subcontractor was an action by Gruppo, and Air Liquide was not involved in that hiring decision and did not take part in any contract negotiations to engage Ohio Valley as a subcontractor.[12]

## LAW AND ANALYSIS

### I.      The Court lacks personal jurisdiction over Air Liquide.

In the context of a Rule 12(b)(2) motion, the burden of establishing personal jurisdiction is on the plaintiff.  *Wilson v. World Wrestling Ent.*, N.D. Ohio Case No. 4:24-CV-00062 (Judge Pearson), 2024 U.S. Dist.LEXIS 192103.  "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."  *Id.* (citations omitted)

Ohio Valley's Complaint does not allege sufficient facts for a finding of personal jurisdiction over Air Liquide pursuant to Fed. R. Civ. P. 12(b)(2).  The sole Complaint allegation involving Ohio is that payment is due Ohio Valley in Columbiana County, Ohio.  That obligation would be Gruppo's obligation as the party that contracted with Ohio Valley.[13]  An allegation concerning the place that payment is due is an assertion of the proper county venue for Ohio county

---

[10]  Exhibit A, ¶¶4, 5.
[11]  Exhibit A, ¶6.
[12]  Exhibit A, ¶11.
[13]  Complaint, ¶1.

and municipal court actions, but it does not equate to personal jurisdiction.  *Solomon v. Excel Mktg.*, 114 Ohio App. 3d 20, 25-26 (1996); *McAllen v. American States Ins.*, Mahoning App. No. 99 C.A. 159, 2000 Ohio App.LEXIS 4902,.

To determine the existence of personal jurisdiction, there are "two categories: general and specific."  *Id.* (citations omitted).   General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic" that they are "essentially at home in the forum State."  *Id.,* citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919. The place of incorporation and principal place of business are paradigm bases for general jurisdiction. *Id.,* citing *Daimler AG v. Bauman*, 571 U.S. 117, 134.   Whereas "specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state."  *Id.*, citing *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

### A.     General Jurisdiction.

Air Liquide is a Delaware limited liability company with a principal place of business in Texas.[14]   Therefore, for the Court to exercise general personal jurisdiction over Air Liquide, this must be an "exceptional case" in which Air Liquide's operations in Ohio are "so substantial of such a nature as to render the corporation at home" in Ohio.   *Id.*, citing *Daimler*, 571 U.S. at 139 n.19.   The inquiry for general jurisdiction "'calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them.'"  *Id.*, citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017).

The instant case does not meet that "exceptional" requirement.   In *Daimler*, the Supreme Court discussed in *dictum* the possibility of an exceptional case in which a corporation's operations could be so substantial in the forum state that such operations would render it the home state. *Id.*,

---

[14] Exhibit A, ¶3.

citing *Daimler*, 571 U.S. at 139 n.19 (suggesting that *Perkins* might be an "exceptional case") (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952)). In *Perkins*, the defendant corporation relocated from the Philippines to Ohio because of war. "Because Ohio then became 'the center of the corporation's wartime activities,' . . . suit was proper there[.]" *BNSF*, 581 U.S. 413 (first quoting *Daimler*, 571 U.S. at 130, n.8; then citing *Perkins*, 342 U.S., at 448).

In the instant case, Ohio Valley does not make any allegations concerning Air Liquide's activities in Ohio. Instead, Ohio Valley makes the blanket assertion that payment was due in Ohio. Because Ohio Valley fails to allege facts indicating that Air Liquide did anything in Ohio, let alone that it engaged in activities in Ohio that were so substantial as to render Ohio the home state, the Court should follow its recent ruling in *Wilson v. World Wrestling Ent.* and find that it does not have general jurisdiction over Air Liquide.

### B.     Specific Jurisdiction.

The "crucial constitutional inquiry" to establish specific personal jurisdiction "is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Id.*, citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996). The Sixth Circuit recognizes specific jurisdiction only if a defendant's contacts satisfy all elements of the following three-part test:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*, citing *S. Mach. Co., v. Mohasco Indus., Inc.*, 401

F.2d 374, 381 (6th Cir. 1968).

The three-part test is not satisfied. The Complaint does not assert any allegations that Air Liquide has purposefully availed itself of the privilege of acting in Ohio or causing a consequence in Ohio. The Complaint does not assert that the claim for unjust enrichment arises from Air Liquide's activities in Ohio. The Complaint does not allege facts showing that the claim of unjust enrichment has a substantial enough connection with Ohio to make the exercise of jurisdiction over Air Liquide in Ohio for a payment dispute involving a project in Pennsylvania.

On this third test factor, Ohio's and Pennsylvania's public policy is for construction disputes to be decided in the state where the construction occurred. Ohio Rev. Code §4113.62(D)(1) strikes as unenforceable any construction contract provision providing for litigation in a county other than the county in which the improvement to real estate is located. Similarly, Pennsylvania's 73 Pa. State. Ann. §514 provides that "making a [construction] contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable."

It stands to reason that Ohio Valley cannot compel litigation in Ohio by unilateral action when it is prohibited from doing so by contract under both Ohio and Pennsylvania law. Ohio simply has no interest in a construction dispute involving a project in Pennsylvania and the mere fact that Ohio Valley is located in Ohio is no grounds to file this lawsuit in this state.

Lastly, Ohio Valley's Complaint does not contain any allegations of fact showing that Air Liquide has specific jurisdiction based on the Ohio long-arm statute. Ohio's Long Arm Statute (Ohio Rev. Code 2307.382) provides that a "court may exercise personal jurisdiction over a person who acts directly or by an agent, *as to a cause of action arising from* the person's:"

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(italic emphasis added)

The Complaint is for a single claim of unjust enrichment and does not involve tortious injury, or breach of warranty, a contract of insurance, or an interest involving real property in this state.   Ohio's long-arm statute requires a "proximate cause" relationship between the defendant's act and the plaintiff's cause of action.   *Brunner v. Hampson*, 441 F.3d 457, 465-66( 6th Cir. 2006). The Complaint has no such allegations of fact showing a causal relationship between the unjust enrichment claim and the State of Ohio.   Consequently, the Court should follow its recent ruling in *Wilson v. World Wrestling Ent.* and find that it does not have specific jurisdiction over Air Liquide.

II.     **The Complaint fails to state a claim against Air Liquide upon which relief can be granted under both Ohio and Pennsylvania Law.**

A.     **Unjust Enrichment in construction disputes under Ohio law.**

On top of Ohio Valley's mistake of filing a Complaint against a Delaware company relating to a Pennsylvania Project, Ohio Valley's Complaint fails to state a claim against Air Liquide upon which relief can be granted under Ohio law.   The Complaint contains a singular claim for unjust enrichment based on alleged unpaid improvements by Ohio Valley to the Pennsylvania Project, knowledge by Air Liquide of the benefits conferred, and that Gruppo and Air Liquide have been unjustly enriched by reason of the improvements furnished by Ohio Valley.[15]   Ohio law is clear that such bare allegations do not make a claim for unjust enrichment against Air Liquide as the project owner.

The doctrine of unjust enrichment is that a person will not be allowed to profit or enrich himself inequitably at another's expense.   As ordinarily defined, this concept includes not only loss on one side but gain on the other, with a tie of causation between them.   *BFI Waste Sys. Of Ohio v. Professional Constr. & Safety Services, Inc.*, Lorain App. No. C.A. No. 06CA008972, 2008-Ohio-1450, ¶6.

In the construction context, Ohio law permits unjust enrichment claims against project owners, but only on a limited basis.   In Ohio, "[a] subcontractor may not assert an unjust-enrichment claim against a property owner if the possibility exists that, for the same work or material supplied, the subcontractor can also recover from the contractor or the property owner might also have to pay the contractor." *Meridien Mktg. Grp., Inc. v. J & E Bldg. Group, Inc.*, Miami App. No. 2011-CA-02, 2011-Ohio-4872, ¶5.

In other words, "[b]efore a subcontractor can pursue an unjust enrichment claim against a

---

[15] Complaint, ¶¶4-6.

property owner, it must establish that the general contractor is 'unavailable for judgment **and** unable to pursue the owner for the money that the subcontractor is seeking.'" *BFI Waste Sys., supra,* at ¶7 (quoting *Booher Carpet*, 1998 Ohio App. LEXIS 4643, 1998 WL 677159, at *7) (emphasis added).   A general contractor which is not bankrupt and which has been named as a party to the subcontractor's lawsuit is deemed "available for judgment" extinguishing any unjust enrichment claim against the owner or lessee in possession of the property. *Sterling Contr., LLC v. Main Event Ent., LP.*, Cuyahoga App. No. 110965, 2022-Ohio-2138, ¶17, citing *Coyne v. Hodge Constr. Inc.*, Medina App. No. 03CA0061, 2004-Ohio-727, ¶5.

### B.    Unjust Enrichment in construction Disputes under Pennsylvania law.

Pennsylvania law similarly restricts unjust enrichment claims by subcontractors against project owners.   In *D.A. Hill Co. v. Clevetrust Realty Investors*, the Pennsylvania Supreme Court held in a case where a subcontractor provided services and chattels to an owner who had no direct contractual relationship to the subcontractor, (1) any benefit conferred must, for purposes of recovery on an unjust enrichment theory, be measured by the value of the benefit to the owner, not by the value of the invoice submitted by the subcontractor; and (2) the owner's retention of the benefit without paying any compensation to the subcontractor would not be unjust if the owner did not contract directly with or mislead the subcontractor.   524 Pa. 425, 432 (1990).

### C.    The Complaint fails to state a claim upon which relief can be granted under Ohio law.

When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Columbus Garage Floor Coating LLC v. Iowa Concrete, LLC*, S.D. Ohio, Case No. 21-CV-3851, 2022 U.S. Dist.LEXIS 33127, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should construe the complaint in the

light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Id.*, citing *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

The plaintiff must provide the grounds of entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-

11

56.   This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the Complaint contains threadbare allegations and does not allege facts establishing a facially plausible claim against Air Liquide for unjust enrichment under either Ohio or Pennsylvania law.  Gruppo has been named a defendant to this lawsuit and as such is deemed "available for judgment" as a matter of Ohio law.  The Complaint does not affirmatively allege otherwise, fails to set forth any allegations that Gruppo is unavailable for judgment or is unable to pursue Air Liquide for the payment Ohio Valley seeks, and fails to allege any facts from which it could even be inferred that Gruppo is unavailable for judgment.  The very fact that Gruppo is named as a party and that Ohio Valley seeks judgment against Gruppo demonstrates availability for judgment. *Sterling Contr., supra*, at ¶17.

Consequently, the unjust enrichment claim cannot be maintained against Air Liquide without establishing (or at the very least alleging in compliance with Civ. R. 11) that Gruppo is unavailable for judgment. *Columbus Garage Floor Coating LLC v. Iowa Concrete, LLC*, S.D. Ohio, Case No. 21-CV-3851, 2022 U.S. Dist.LEXIS 33127; *Oro Capital Advisors, LLC v. Borror Constr. Co., LLC*, S.D. Ohio, Case No. 19-cv-5087; 20-cv-4894, 2022 U.S. Dist.LEXIS 136772; *Ap Alts., LLC v. Rosendin Elec., Inc.*, N.D. Ohio, Case No. 18-CV-01748, 2020 U.S. Dist.LEXIS 86502 at *27; *Carter-Jones Lumber Co. v. Oro RP SPE Owner, LLC,* S.D. Ohio, Case Nos. 20-cv-04894, 19-cv-5087, 2021 U.S. Dist.LEXIS 117835 at *31 (all dismissing for failing to state a claim a subcontractor's unjust enrichment claim against the project owner).

**D.** **The Complaint fails to state a claim upon which relief can be granted under Pennsylvania law.**

Ohio Valley's Complaint alleges that "it made improvements to real property owned by Air Liquide at the direction of Gruppo which benefits both of them"[16] and that "Gruppo owes $2,082,332.00 to Ohio Valley pursuant to verbal and written contracts" attached to the Complaint as Exhibit 1 and an account attached as Exhibit 2.[17] Ohio Valley does not allege that it made improvements at the direction of Air Liquide and its damage claim is based on written contracts and an account by and between only Ohio Valley and Gruppo. These are exactly the type of allegations that the Pennsylvania Supreme Court has ruled failed to make a claim for unjust enrichment against a project owner.

Ohio Valley's Complaint affirmatively states that improvements were made at the direction of Gruppo and that those improvements were pursuant to contracts with Gruppo. Further, the account statement identifies the contracting parties as Ohio Valley and Gruppo:[18]

> Contract
> Contract Date: July 30, 2024
> Contract Between    Ohio Valley Concrete LLC
>                              Gruppo

Ohio Valley does not allege improvements were pursuant to a contract with Air Liquide or that Air Liquide misled Ohio Valley in any manner. To state a claim for unjust enrichment against Air Liquide as the project owner Pennsylvania law, Ohio Valley must allege either that Ohio Valley contracted directly with Air Liquide or that Air Liquide misled Ohio Valley. *D.A. Hill Co. v. Clevetrust Realty Investors*, (2) 524 Pa. 425, 432 (1990) ("the owner's retention of the benefit without paying any compensation to the subcontractor would not be unjust if the owner did not

---

[16] Complaint, ¶4.
[17] Complaint, ¶¶1 and 2.
[18] Complaint, Exhibit 2.

contract directly with or mislead the subcontractor"). These essential elements for a claim of unjust enrichment under Pennsylvania law are missing and the pled allegations demonstrate the opposite. Furthermore, the damages that Ohio Valley claims in its Complaint are based on the contract values and accounting between Ohio Valley and Gruppo, rather than the alleged value of the benefit to Air Liquide. *Id.* ("any benefit conferred must, for purposes of recovery on an unjust enrichment theory, be measured by the value of the benefit to the owner, not by the value of the invoice submitted by the subcontractor").

Ohio Valley's allegation that Gruppo and Air Liquide "have benefitted, and been unjustly enriched"[19] are the type of legal conclusions or naked assertions that must be disregarded under *Iqbal*. On this element, Ohio Valley simply alleges that the "benefits conferred on Gruppo and Air Liquide are at the expense, and to the detriment, of Ohio Valley." This is inadequate pleading. As *D.A. Hill* makes clear, the conferral of a benefit is a necessary, but not sufficient, condition of a valid unjust enrichment claim. The unjust enrichment doctrine does not apply simply because the defendant may have benefitted as a result of the actions of the plaintiff. In order to avoid dismissal of the unjust enrichment claim, Ohio Valley must allege in its complaint facts showing that the Air Liquide specifically requested benefits or misled Ohio Valley. *Goldsmith Assocs. v. Del Frisco's of Phila., Inc.*, E.D. Pa. Case No. 09-1359, 2009 U.S. Dist. LEXIS 92193; *see also Merrill Iron & Steel, Inc. v. Blaine Constr. Corp.*, W.D. Pa. Case No. 14-221, 2014 U.S. Dist.LEXIS 89932 (dismissing subcontractor's claim against owner for unjust enrichment for failure to allege that the owner misled the subcontractor).

## CONCLUSION

The proper location for this payment dispute is in Pennsylvania, where the construction

---

[19] Complaint, ¶6.

14

project is located, where Ohio Valley performed its project work, and where Ohio Valley has filed its mechanic's lien.   The legislatively stated public policy for Ohio and Pennsylvania is for these types of construction disputes to be decided in the place that the construction took place. Apart from these practical considerations, Air Liquide simply does not have the required substantial connections for an exercise of personal jurisdiction over Air Liquide in Ohio and, even if it did, neither Ohio nor Pennsylvania law recognizes a claim for unjust enrichment against Air Liquide. Therefore, Defendant Air Liquide Advanced Technologies U.S. LLC moves this Court to be dismissed from this case with prejudice and at Plaintiff's costs.

Respectfully submitted,

*/s/ Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)
Nicholas J. Horrigan (#0087345)
HARPST BECKER LLC
1559 Corporate Woods Parkway, Ste. 250
Uniontown, OH 44685
jspoonster@harpstbecker.com
nhorrigan@harpstbecker.com
(330) 983-9971
(330) 983-9981 (fax)

LOCAL RULE 7.1 CERTIFICATION

The undersigned certifies that this case has not yet been assigned a track and that this Motion adheres to the page limitations set forth in Loc. R. 7.1(f) for unassigned cases.

*/s/ Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2025, a copy of the foregoing document was submitted for electronic filing.   Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   Parties may access this filing through the Clerk of Court's E-Filing System.

*/s/ Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)