UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| GRUPPO EF TECNOLOGIE USA, LLC, | ) ) ) | CASE NO. 4:25CV1531 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) ) | CASE MANAGEMENT |
| AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC, | ) ) ) | CONFERENCE ORDER CASE MANAGEMENT PLAN |
| Defendant. | ) | LR 16.1(b)(4) |

1. A Telephonic Case Management Conference was conducted on September 15, 2025.


2. The following parties were present:

   A. Plaintiff: Andrew VanPelt as party representative

   B. Defendants: Attorney Brandon Caire as party representative for Air Liquide

   Advanced Technologies U.S. LLC ("Air Liquide"); Luca Sirugo and Attorney

   Brian Lehman as party representatives for Gruppo EF Tecnologie USA, LLC

   ("Gruppo")


3. The following attorneys were present:

   A. Plaintiff's counsel: Mark Rodio

   B. Defendant's counsel: Joseph R. Spoonster, III for Air Liquide and Laura E.

   Kogan for Gruppo

-1-

(4:25CV1531)

    4.  A Discovery Plan was filed on September 10, 2025.

## REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

In order to effectively use the electronic filing system and retrieve documents from the electronic filing system, users, including members of the public, must have a PACER (Public Access to Court Electronic Records) account.  NextGen CM/ECF registration for e-filing and notification is required in the Northern District of Ohio unless otherwise ordered by the Court. Register online at https://www.pacer.gov/; and the registration form can be completed at: https://pacer.psc.uscourts.gov/pscof/registration.jsf

NextGen CM/ECF Registration for the Northern District of Ohio is located on the Court's web site at:  https://www.ohnd.uscourts.gov/electronic-filing-registration

Once registration is completed and approved by the Court, the party will be notified via email that filing privileges have been granted.  The user's login and password required to submit documents to the electronic filing system serve as the user's signature on all electronic documents filed with the Court.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

## RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

    5.  After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.

    6.  This case is not suitable for Alternative Dispute Resolution (ADR) at this time.

    7.  The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

(4:25CV1531)

8.  There are no case-specific rulings as to the type and extent of discovery.  Parties are to follow the limits established by the Local and Federal civil rules.

9.  The parties shall follow the default standard for discovery of electroncally-stored information (Appendix K to N.D. Ohio Local Rules).

10. Fact and expert discovery shall be completed on or before March 31, 2026.

(A)  On or before January 28, 2026, the party that has the burden of proof on an issue(s) shall identify its retained expert witness(es) and provide opposing counsel with a written expert report(s).

(B)  The party that has no burden of proof on an issue(s) shall identify its retained expert(s), if any, and submit an opposing written report(s) to opposing counsel on or before February 27, 2026.

A party may take a discovery deposition of its opponent's expert witness only after the exchange of reports has occurred.  The discovery deposition of an opponent's expert witness shall be completed on or before March 31, 2026.  If a party chooses not to use its own expert witness, it will be permitted to take the discovery deposition of its opponent's expert witness only after submitting a written statement advising the Court and opposing counsel to that effect.

A party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel.  The report shall contain a complete statement of all opinions of the expert as to each issue on which she will testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the previous 10 years; the compensation to be paid for the study and testimony in the case; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  An expert will not be permitted to testify or provide opinions on issues not raised in her report.

-3-

(4:25CV1531)

The parties are hereby on notice that no extension of the fact discovery cutoff date will be granted.  In addition, no extension of the expert discovery dates will be granted absent extraordinary circumstances.

11.  Counsel shall comply with LR 37.1, which outlines a process for resolution of discovery disputes – steps that must be taken in advance of a party's filing of a discovery motion. The first step requires the parties to make a sincere, good faith effort to resolve the dispute. Next, if the parties' sincere, good faith efforts have failed to resolve the dispute, the Court should be given informal notice, along with a certification of the effort made.  This notice can be made by letter or a telephone call to chambers with both sides' counsel on the line.  The Court may then choose to hold a telephonic conference or take other steps to resolve the dispute.  If the Court is unable to resolve the dispute, the Court may authorize the filing of a discovery motion. LR 37.1.  A discovery motion should only be filed *after* having been solicited by the Court.

12.  **Regarding the handling of disclosed privileged material:**  The parties have reached an agreement regarding the handling of disclosed privileged material.  *See* Discovery Plan (ECF No. 19) at PageID #: 222, ¶ 7(c).  On or before September 29, 2025, the parties shall file either the attached Stipulation (Attachment No. 1) or a stipulation reached by the parties regarding the handling of trial-preparation material.  *See* Fed. R. Civ. P. 16(b)(3)(B)(iv) and 26(b)(5)(B).

13.  Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

-4-

(4:25CV1531)

14.  Absent written consent of the adverse party, the party seeking to amend a pleading at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Fed. R. Civ. P. 15(a).  In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

15.  Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel.  Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal.  The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is April 30, 2026.  Responses shall be filed by June 1, 2026 (*See* LR 7.1(d)) and Replies by June 15, 2026 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion.  The stipulations shall be filed with the Court on or before April 30, 2026.  If there are no stipulations, a joint notice stating same shall be filed by the same date.  These are mandatory requirements.

16.  The next Status Conference will be held on November 19, 2025, at 12:00 p.m. Noon. Another Status Conference will be held on February 25, 2026 at 1:30 p.m.

The conferences will be conducted via telephone unless circumstances require otherwise. Attorney Kogan is to set up the conference calls by joining the other participants and calling the Court at (330) 884-7435.  Parties' attendance is welcome, but not mandatory.  An agenda item for the November 19, 2025 conference will be readiness for mediation, including whether the parties would like Magistrate Judge Amanda M. Knapp to conduct the mediation conference or

-5-

(4:25CV1531)

would like to utilize the Court's ADR Program or private mediation, *see* LR 16.4(e) and (f). Counsel should notify the Court in advance of a Status Conference if the matter has settled.

17.  The parties shall file a proposed Stipulated Protective Order on or before September 29, 2025.  A form protective order is attached as Appendix L to the Local Rules.  Any proposed order will be rejected by the Court unless it provides that, when materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall seek permission to file the document under seal.  *See* Electronic Filing Policies and Procedures Manual at §§ 19 and 24.  Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible.  The proposed order shall also provide that the parties agree to be bound by its terms, during the litigation, prior and subsequent to entry by the Court.  An agreed protective order which complies with the above will be approved, but with the understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential."

If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

18. Counsel shall comply with LR 5.2.  See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

19.  Additional Rulings Regarding Motions – LR 7.1(b)-(j) (12/16):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions.  *See* LR 7.1(f).  Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling.  Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the

(4:25CV1531)

memorandum in opposition, and a reply.  No sur-replies will be permitted absent advance leave of Court.

      IT IS SO ORDERED.


     September 16, 2025                 */s/ Benita Y. Pearson*         
Date                                    Benita Y. Pearson
                                      United States District Judge

ATTACHMENT NO. 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| GRUPPO EF TECNOLOGIE USA, LLC, | ) | CASE NO.  4:25CV1531 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | STIPULATION REGARDING |
| AIR LIQUIDE ADVANCED | ) | INADVERTENT DISCLOSURE OF |
| TECHNOLOGIES U.S. LLC, | ) | ATTORNEY-CLIENT PRIVILEGE, |
| | ) | WORK PRODUCT PROTECTION OR |
| Defendant. | ) | OTHER APPLICABLE PRIVILEGE |


**IT IS HEREBY STIPULATED** to, between the parties, through their respective

counsel, as follows:

   i.    Any inadvertent disclosure or production of documents protected by the parties'

         attorney-client privilege, work product protection or other applicable privilege

         will not constitute a waiver of either any available privilege or protection by the

         disclosing party.

   ii.   In the event that the receiving party discovers that it has received documents

         protected by the attorney-client privilege, work product protection or other

         applicable privilege, it will bring that fact to the attention of the producing party

         immediately upon discovery.

-1-

    iii.     In the event that the producing party discovers that it has produced documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.

    iv.     Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.

    v.     Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.

    vi.     No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.

    vii.     Attorney-client privilege and work product protection shall have the meanings as provided in FRE 502 (g) (1) and (2).

**Stipulated by:**

_____     _____
Attorney for Plaintiff                    Attorney for Defendant