IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GRUPPO EF TECNOLOGIE USA, LLC | |
| *Plaintiff,* | Case No. 4:25-cv-01531 |
| v. | Judge Benita Y. Pearson |
| AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC | |
| *Defendant.* | |

---

**DEFENDANT AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC'S MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE, AND FOR FAILURE TO STATE A CLAIM**

---

Joseph R. Spoonster (#0070863)
Nicholas J. Horrigan (#0087345)
HARPST BECKER LLC
1559 Corporate Woods Parkway, Ste. 250
Uniontown, OH 44685
jspoonster@harpstbecker.com
nhorrigan@harpstbecker.com
(330) 983-9971
(330) 983-9981 (fax)

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………… iii

Brief Statement of the Issues………………………………………………….. v

Summary of the Argument…………………………………………………….. v

Memorandum…..………………………………………………………………… 1

I.     The underlying Pennsylvania construction project………………… 1

II.    ALATUS has no relationship to Ohio……………………………… 2

III.   The Court should apply Pennsylvania Law………………………… 3

     A.    The Amended Complaint…………………………………… 3

     B.    Choice of Law………………………………………………. 4

IV.   The Court lacks personal jurisdiction over ALATUS……………… 5

     A.    General Jurisdiction………………………………………… 5

     B.    Specific Jurisdiction………………………………………… 7

V.    The Amended Complaint fails to state a claim against ALATUS upon which relief can be granted……………………………………… 9

     A.    Federal Pleading Standard………………………………….. 9

     B.    Count I - Quantum Meruit/Count II Unjust Enrichment…… 10

     C.    Count III – Account Stated………………………………… 12

     D.    Count IV – Fraudulent Inducement………………………… 13

     E.    Count V – Promissory Estoppel…………………………….. 14

     F.    Count VI – Tortious Interference with Contracts and Business Relationships……………………………………………… 15

     G.    Count VII – Civil Conspiracy……………………………… 16

     H.    Count VIII – Declaratory Judgment………………………… 17

Conclusion……………………………………………………………………….. 18

# TABLE OF AUTHORITIES

## Cases

*Abira Med. Labs. LLC v. Meritain Health, Inc.*, E.D. Pa. No. 24-3140, 2025 U.S. Dist. LEXIS 55742…………………………………………………….. 15

*Am. Handiwork, Inc. v. 84 Lumber Co., LP*, W.D. Penn No. 2:21-CV00028, 2021 U.S. Dist. LEXIS 155462)…………………………………………….. 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………… 9, 10

*BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017)……………………………………… 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………… 10

*Carbone v. Kaal*, 104 F.4th 807 (6th Cir. 2025)…………..…………................... 5

*Coffey v. Foamex L.P.,* 2 F.3d 157 (6th Cir. 1993)………………………………… 13

*Columbus Garage Floor Coating LLC v. Iowa Concrete, LLC*, S.D. Ohio, Case No. 21-CV-3851, 2022 U.S. Dist. LEXIS 3312……………………………… 9, 10

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)………………………. 7

*D.A. Hill Co. v. Clevetrust Realty Investors,* 524 Pa. 425 (1990)…………………… 11, 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)……………………………………… 5

*Eigen v. Textron Lycoming Reciprocating Engine Div.*, 2005 PA Super 141 (2005) 13

*Erickson v. Pardus*, 551 U.S. 89 (2007)…………………………………………… 9

*Express Packaging of OH, Inc. v. Am. States Ins. Co.*, 800 F.Supp.2d 886 (N.D. Ohio 2011)…………………………………………………………………….. 4

*Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007)…………………………… 13

*Goldsmith Assocs. v. Del Frisco's of Phila., Inc.*, E.D. Pa. Case No. 09-1359, 2009 U.S. Dist. LEXIS 92193…………………………………………………….. 11, 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)………… 5

*Gunton Corp. v. Toa Constr. Corp.*, W.D. Penn. No. 2:23-2203, 2024 U.S. Dist. LEXIS 153377…………………………………………………………… 13

*Gutteridge v. J3 Energy Group., Inc.*, 2017 PA Super 150 (2017)………………… 14

*Hitachi Med. Sys. Am. v. St. Louis Gynecology & Oncology, LLC*, N.D. Ohio No. 5:09-CV-2613, 2011 U.S. Dist. LEXIS 17022…………...……………… 9

*Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005)………………………….. 5

*Lutz v. Rakuten, Inc.*, 376 F. Supp. 455 (E.D. Pa. 2019)…………………………… 14

*Merrill Iron & Steel, Inc. v. Blaine Constr. Corp.*, W.D. Pa. Case No. 14-221, 2014 U.S. Dist. LEXIS 89932…………………………………………………. 12

*Michael v. Shiley, Inc.*, E.D. Pa. No. 93-1729, 1994 U.S. Dist. LEXIS 1973……… 16

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)…………………………………………. 10

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)……………………… 6

*Peter's Broad. Eng'g. v. 24 Capital LLC*, 40 F.4th 432 (6th Cir. 2022)…………….. 9

*Phillips v. Selig*, 2008 PA Super 244 (2008)……………………………………….. 16

*Revolution Sales & Mktg. v. Oncore Golf Tech., Inc.*, N.D. Ohio No. 5:14CV00239, 2014 U.S. Dist. LEXIS 172963……………………………….. 9

*Riley v. Timmons Constr. LLC*, W.D. Pa. No. 21-286, 2022 U.S. Dist. Lexis 35044 17

*S. Mach. Co., v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968)……………… 7

*Siegel Transfer v. Carrier Express*, 856 F. Supp 990 (E.D. Pa. 1994)……………… 16

*Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198 (1979)………………………… 16

*Walden v. Fiore*, 571 U.S. 277 (2014)…………………………………………… 6, 8

*Vasu v. Combi Packaging Sys. LLC*, N.D. Ohio Case No. 5:18-cv-1889; 2020 U.S. Dist. LEXIS 91168…………………………………………………. 18

*Wilson v. World Wrestling Ent.*, N.D. Ohio Case No. 4:24-CV-00062, 2024 U.S. Dist. LEXIS 192103………………………………………………… 5-7, 9

*Young v. Columbus Life Ins. Co.*, S.D. Ohio Case No. 1:22-cv-553, 2025 U.S. Dist. LEXIS 193218………………………………………………… 18

**Statutes**

Ohio Rev. Code §4113.62(D)(1)…………………………………………………… 4

73 Pa. State. Ann. §514………………………………………………………… 4

## BRIEF STATEMENT OF THE ISSUES

1.      Whether venue is appropriate in the Northern District of Ohio when the underlying project is in Pennsylvania, where the parties' relationship is based and where OVC filed its Mechanic's Lien claim.

2.      Whether the ALATUS should be dismissed from this case for lack of personal jurisdiction.

3.      Whether the Amended Complaint should be dismissed for failure to states a claim upon which relief can be granted consistent with the pleading requirements of *Iqbal* and *Twombley*.

## SUMMARY OF THE ARGUMENT

This case was originally filed by Ohio Valley Concrete LLC ("OVC") against then Co-Defendant Gruppo EF Tecnologie USA, LLC ("Gruppo"), which hired OVC as a subcontractor on a construction project in Pennsylvania.  ALATUS was named as a defendant as the project owner under a claim for unjust enrichment.  The tables have since turned and now Gruppo is acting as the plaintiff under an alleged assignment of claims from OVC, OVC has been dropped from the case, and Gruppo has filed an Amended Complaint (Doc # 23).

Dismissal is appropriate for several reasons.  First, this is improper venue.  This case has no relevant connection to Ohio.  This dispute primarily involves a construction project owned by ALATUS in Pennsylvania.  Gruppo was ALATUS' general contractor for the project.  The only connection between ALATUS and Ohio is an attenuated one – Gruppo subcontracted with OVC and OVC's business location is in Columbiana County, Ohio.  The hiring of OVC as a subcontractor was an action by Gruppo, and ALATUS was not involved in that hiring decision.

Pennsylvania is the central place where the relationship between Gruppo, OVC, and ALATUS is grounded.  Ohio's and Pennsylvania's public policy is for construction disputes to be decided under the laws of the state where the construction occurred. Ohio Rev. Code §4113.62(D)(1) and 73 Pa. State. Ann. §514 strike as unenforceable contract provisions providing for litigation in a county other than the county in which the construction is located or that makes

v

the contract subject to the laws of another state.  Accordingly, if this matter is to proceed in a court of law, the proper venue is Pennsylvania.[1]

Second, even if venue is appropriate, personal jurisdiction over ALATUS in Ohio is not. Gruppo has the burden of establishing that personal jurisdiction is proper and must do so by showing sufficient contacts between ALATUS and Ohio with reasonable particularity.  While Gruppo goes to great lengths to allege Ohio-related actions, those allegations do not establish conduct by ALATUS in Ohio in a meaningful way. The act of sending employees into Pennsylvania is conduct by OVC under its subcontract with Gruppo and an allegation that OVC was injured in Ohio because that is supposedly where it was to be paid, does not by Sixth Circuit law set forth specific facts showing that personal jurisdiction is appropriate.

Third, the claims against ALATUS should separately be dismissed because once the rhetoric is removed from the Amended Complaint, it consists of nothing more than threadbare recitals of the elements and conclusory statements that are devoid of factual enhancements, which are not sufficient to state a claim under the pleading standards in *Iqbal* and *Twombly*.  The Court should be mindful that when OVC filed its original Complaint, it alleged a singular claim of unjust enrichment against ALATUS and alleged with supporting documents that OVC worked on Pennsylvania Project at the direction of Gruppo and that "Gruppo owes $2,092,332.00" to OVC pursuant to verbal and written contracts.  Not only does Gruppo completely ignore its general contractor role in the Amended Complaint, but it says the opposite - that ALATUS "engaged" OVC.  While OVC did support its Complaint contracts, invoices, and accounting exhibits, Gruppo has failed to attach any of the types of documents that, if they existed, would substantiate its claims. Gruppo's Amended Complaint must be viewed for what it is, a collection of legal conclusions and naked assertions, devoid of factual enhancements that are insufficient to state claim for relief.

---

[1] ALATUS has contemporaneously filed a Petition to Dismiss or Transfer and Stay Pending Completion of Arbitration.

## MEMORANDUM

### I.  The underlying Pennsylvania construction project.

This dispute primarily involves a new biogas facility construction project owned by ALATUS outside Pittsburgh in Center Township, Pennsylvania (the "Pennsylvania Project").[1] Gruppo holds itself out as a biogas plant manufacturer.  ALATUS engaged Gruppo as the general contractor for its Pennsylvania Project and the parties entered into an Engineering, Procurement and Construction Agreement for the Project ("Agreement").[2]  Gruppo in turn subcontracted with OVC[3] and OVC alleged in its original Complaint that it made improvements to the Pennsylvania Project "at the direction of Gruppo."[4]

The original Complaint established that a payment dispute existed between OVC and Gruppo, and OVC alleged that Gruppo owed it $2,082,332 pursuant to verbal and written contracts between OVC and Gruppo.[5]  OVC filed a Mechanic's Lien against the Pennsylvania Project, which affirmatively establishes that OVC was working as a subcontractor for Gruppo on the Pennsylvania Project that is owned by ALATUS.[6]

> 2. Claimant, as a sub-contractor, provided labor, services, materials, or equipment (the "**Work**") for the improvement of the real property located in the **County of Indiana** at **119 Business Park, Lot 2, Center Township, Pennsylvania 15748** (the "**Property**"). The Property's Indiana County Uniform Parcel Identifier Number is **12-023-127.01A1**, and is further described as follows:
>
> See **Exhibit A-1** attached hereto and incorporated herein.
>
> 3. The owner of the Property and improvement subject to the lien, according to Indiana County tax records is **AIR LIQUIDE ADVANCED TECHNOLOGIES U.S., LLC** ("**Owner**") whose tax mailing address is **2790 Mosside Boulevard, Suite 195, Monroeville, Pennsylvania 15146**.

---

[1]  See ALATUS' Affidavit attached as Exhibit A, ¶7.
[2]  Exhibit A, Affidavit, ¶8.  A copy of the Agreement is attached as Exhibit B.  Gruppo was also engaged as the general contractor for another ALATUS project in Michigan that is referenced in the Amended Complaint, but OVC did not work on the Michigan project.  Exhibit A, ¶¶11 and 12.
[3]  Exhibit A, Affidavit, ¶9.
[4]  Exhibit D, original Complaint, ¶4.
[5]  Exhibit D, original Complaint, ¶¶1 and 2.
[6]  A copy of the lien is attached as Exhibit C.

4. Claimant files this Claim as a subcontractor. Claimant provided the Work under a written subcontractor agreement with **GRUPPO EF TECHNOLOGIES USA, LLC**, a New York limited liability company, whose address is **12 East 10th Street, #3R, New York City, New York 10003** (the "**Contractor**") in connection with the improvement to the Property. A copy of the most recent written subcontractor agreement, dated **January 17, 2024**, is attached hereto as **Exhibit B-1** and incorporated herein.

OVC's lien does not aver that it was working for or had any contractual relationship with ALATUS, and does not allege that it did any work for ALATUS for which ALATUS has an independent obligation to pay.

Likewise, the written contracts attached as Exhibit 1 to OVC's Complaint are between OVC and Gruppo.   ALATUS is not listed as a party to those contracts and is not a signatory on any of those contract documents.   The account attached to the original Complaint as Exhibit 2 further shows an account between OVC and Gruppo with billings to Gruppo in Dallas, Texas, for work performed in Pennsylvania.   OVC's Complaint does not allege any direct contractual or business relationship between OVC and ALATUS, and instead demanded judgment against ALATUS solely on an unjust enrichment basis.

## II.    ALATUS has no relationship to Ohio.

ALATUS is a Delaware limited liability company with its principal place of business at 9811 Katy Fwy Ste 100, Houston, Texas.[7]   It has not contracted to supply services or goods to OVC in this state or in any other state and has not transacted any business with OVC in Ohio or elsewhere.[8]

ALATUS does not have an office or agency in Ohio and does not own, use, possess, or hold a mortgage or other lien on any real property within Ohio.[9] ALATUS does not have any employees, facilities, or offices in Ohio, and the real property referenced in the Complaint is

---

[7] Exhibit A, Affidavit, ¶3.
[8] Exhibit A, Affidavit ¶14.
[9] Exhibit A, Affidavit ¶5.

located in Pennsylvania, not Ohio.[10]   The only connection between ALATUS and the State of Ohio is an attenuated one – Gruppo chose to subcontract with OVC for certain work on the Pennsylvania Project and OVC's business location is in Columbiana County, Ohio.   The hiring of OVC as a subcontractor was an action by Gruppo, and ALATUS was not involved in that hiring decision and did not partake in any contract negotiations to engage OVC as a subcontractor.[11]

## III.     The Court should apply Pennsylvania Law.

### A.     Gruppo's Amended Complaint.

Gruppo's Amended Complaint now says that ALATUS "engaged" OVC for the Pennsylvania and Michigan Projects.[12]   That allegation is in stark contrast to OVC's original Complaint which alleged that Gruppo owed OVC $2,082,332.00 pursuant to verbal and written contracts and an account between Gruppo and OVC,[13] the exhibits attached to the Complaint showed contracts and account between Gruppo and OVC,[14] and OVC's Mechanic's Lien stating OVC worked as a subcontractor to Gruppo.   Notably, Gruppo has not described its general contractor role in the Amended Complaint and it has not attached these exhibits (or any others) to the Amended Complaint because they inconveniently contradict Gruppo's new narrative.

Whereas OVC's original Complaint against ALATUS was just a single claim for unjust enrichment.   In Gruppo's hands, the Amended Complaint now names ALATUS' parent company (L' Air Liquide S.A.) as a co-defendant and has morphed into eight causes of action for: Quantum Meruit, Unjust Enrichment, Account Stated, Fraudulent Inducement, Tortious Interference, Civil Conspiracy, and Declaratory Judgment.   At the core of all those claims though are OVC's work on the Pennsylvania Project with is governed by the Agreement between Gruppo and ALATUS.

---

[10] Exhibit A, Affidavit ¶6.
[11] Exhibit A, Affidavit ¶10.
[12] Amended Complaint, ¶20.
[13] Exhibit D, original Complaint, ¶¶1 and 2.
[14] Exhibit D, original Complaint, Exhibits 1 and 2.

### B.     Choice of Law.

When federal courts are asked to interpret a contract in a diversity action, they "will generally enforce the parties' contractual choice of governing law," provided it is enforceable.  *Express Packaging of OH, Inc. v. Am. States Ins. Co.*, 800 F.Supp.2d 886, 890 (N.D. Ohio 2011).  Pursuant to Sections 2 and 22.1 of the Pennsylvania Project Agreement, it is to be "governed by and construed in accordance with the laws of [Pennsylvania], without reference to its conflict of Laws principles."  As set forth in ALATUS' Arbitration Petition (Doc #28), the claims in Gruppo's Amended Complaint are so intertwined with ALATUS' contract rights under the Agreement that they cannot be independently resolved and the interpretation of those rights are to be construed in accordance with Pennsylvania law.

Furthermore, OVC's work that is the subject of Gruppo's Amended Complaint was performed in Pennsylvania and that state is the central place where the relationship between Gruppo, OVC, and ALATUS is located.  Ohio's and Pennsylvania's public policy is for construction disputes to be decided in accordance with the laws of the state where the construction occurred.  Ohio Rev. Code §4113.62(D)(1) strikes as unenforceable construction contract provisions providing for litigation in a county other than the county in which the improvement to real estate is located or that makes the contract subject to the laws of another state.  Similarly, Pennsylvania's 73 Pa. State. Ann. §514 provides that "making a [construction] contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable."

Given the contractual choice-of-law provision, the project location in Pennsylvania, and the strong public policy of both Ohio and Pennsylvania for construction disputes to be decided in in accordance with the laws of the state where the construction occurred, the Amended Complaint should be reviewed under the substantive laws of Pennsylvania.

4

IV.     **The Court lacks personal jurisdiction over ALATUS.**

In the context of a Rule 12(b)(2) motion, the burden of establishing personal jurisdiction is on the plaintiff.   *Wilson v. World Wrestling Ent.*, N.D. Ohio Case No. 4:24-CV-00062, 2024 U.S. Dist. LEXIS 192103 (Pearson, B.).   That burden "requires establish[ing], with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause."   *Carbone v. Kaal*, 104 F.4th 807, 808-09 (6th Cir. 2025).   [I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."   *Id.* (citations omitted).

To determine the existence of personal jurisdiction, there are "two categories: general and specific."   *Id.* (citations omitted).   General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic" that they are "essentially at home in the forum State."   *Id.,* citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The place of incorporation and principal place of business are paradigm bases for general jurisdiction. *Id.,* citing *Daimler AG v. Bauman*, 571 U.S. 117, 134.   Whereas "specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state."   *Id.*, citing *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

A.      **General Jurisdiction.**

ALATUS is a Delaware limited liability company with a principal place of business in Texas.[15]   Therefore, for the Court to exercise general personal jurisdiction over ALATUS, this must be an "exceptional case" in which ALATUS' operations in Ohio are "so substantial of such a nature as to render the corporation at home" in Ohio.   *Id.*, citing *Daimler*, 571 U.S. at 139 n.19.

---

[15] Exhibit A, Affidavit ¶3.

The inquiry for general jurisdiction "'calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id.*, citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017).

The instant case does not meet that "exceptional" requirement. In *Daimler*, the Supreme Court discussed in *dictum* the possibility of an exceptional case in which a corporation's operations could be so substantial in the forum state that such operations would render it the home state. *Id.*, citing *Daimler*, 571 U.S. at 139 n.19 (suggesting that *Perkins* might be an "exceptional case") (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952)). In *Perkins*, the defendant corporation relocated from the Philippines to Ohio because of war. "Because Ohio then became 'the center of the corporation's wartime activities,' . . . suit was proper there[.]" *BNSF*, 581 U.S. 413 (first quoting *Daimler*, 571 U.S. at 130, n.8; then citing *Perkins*, 342 U.S., at 448).

Although a defendant may be subject to personal jurisdiction even if it does not physically enter the forum state if the defendant's efforts are purposefully directed towards the residents of another state, the plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). It is not sufficient that a plaintiff has "strong forum connections" and suffered "foreseeable harm" in the forum state." *Id.* at 289. "The proper questions is not whether the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290.

In the instant case, the only relationship between ALATUS and Ohio is that Gruppo engaged OVC as a subcontractor and OVC is located in Ohio. While Gruppo goes to great lengths to allege Ohio-related damages, by for instance alleging that OVC's employees commuted from Ohio to Pennsylvania, those are incidental to Gruppo's retention of OVC as a subcontractor, not as a purposeful action by ALATUS directed to Ohio. That Gruppo alleges OVC was harmed in Ohio because L' Air Liquide S.A (not ALATUS) withheld "over $2 million and simultaneously

used OVC's Ohio-based expertise for the Michigan Project and other future projects,"[16] does not establish conduct by ALATUS in Ohio in a meaningful way to establish personal jurisdiction.

Because Gruppo fails to allege facts indicating that ALATUS directly did anything in Ohio, let alone that it engaged in activities in Ohio that were so substantial as to render Ohio the home state, the Court should follow its recent ruling in *Wilson v. World Wrestling Ent.* and find that it does not have general jurisdiction over ALATUS.

### B. Specific Jurisdiction.

The "crucial constitutional inquiry" to establish specific personal jurisdiction "is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Id.*, citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996). The Sixth Circuit recognizes specific jurisdiction only if a defendant's contacts satisfy all elements of the following three-part test:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.*, citing *S. Mach. Co., v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The three-part test is not satisfied. The Amended Complaint does not assert any allegations that ALATUS has purposefully availed itself of the privilege of acting in Ohio or that any of the causes of action arise from activities by ALATUS in Ohio. Rather the Amended Complaint

---

[16] Amended Complaint, ¶22.

alleges that OVC experienced damages at its business location in Ohio, which is not sufficient for personal jurisdiction.  *Walden*, supra.   Other than OVC's Ohio location, the Amended Complaint does not allege facts showing that the claims have a substantial enough connection with Ohio to support the exercise of jurisdiction over ALATUS in Ohio over a case that is really a construction dispute involving a project in Pennsylvania.

On this third test factor, Ohio's and Pennsylvania's public policy is for construction disputes to be decided in the state where the construction occurred.   Ohio Rev. Code §4113.62(D)(1); 73 Pa. State. Ann. §514.   It stands to reason that Gruppo and OVC cannot compel litigation in Ohio by unilateral action when they would be prohibited from doing so by contract under both Ohio and Pennsylvania law.

Lastly, the Amended Complaint does not contain any allegations of fact showing that ALATUS has specific jurisdiction based on the Ohio long-arm statute.   The Amended Complaint does allege personal jurisdiction over ALATUS pursuant to Ohio Rev. Code 2307.382(A)(1) (transacting any business in this state), (A)(3) (causing tortious injury by an act or omission in this state), and (C) consistent with due process of the U.S. Constitution.[17]   The allegation offered in support of this conclusory assertion is that ALATUS "engaged" OVC, relied on OVC's "labor force, equipment, and knowledge and sent repeated communications – including invoices, assurances, rejections, and schedule demands – into Ohio" where they were acted upon."[18]

The problem with the allegations that Gruppo relies on for personal jurisdiction are many fold.   First, Gruppo, not ALATUS, hired OVC as a subcontractor for the Pennsylvania Project and OVC's own Complaint directly contradicts Gruppo's allegations.   Second, whether or not ALATUS relied upon OVC's labor is immaterial to personal jurisdiction, which requires action by

---

[17] Amended Complaint, ¶19
[18] Amended Complaint, ¶20.

8

ALATUS direct toward Ohio, not a mere passive reliance on performance initiated by Gruppo outside the forum state.   Third, the vague and conclusory assertion of repeated communications fails to advise who initiated the contract, when and where, the communications occurred, how the communications occurred, and how those alleged communications relate to the claims stated. Lastly, the vague assertion that ALATUS sent repeated communications into Ohio is similar to the plaintiff's blanket assertion in *Revolution Sales & Mktg.* that the defendants' "engaged in business transactions with or concerning Plaintiffs in the State of Ohio" which this Court concluded failed to present a *prima facie* case for personal jurisdiction.   *Revolution Sales & Mktg. v. Oncore Golf Tech., Inc.*, N.D. Ohio No. 5:14CV00239, 2014 U.S. Dist. LEXIS 172963; see also *Peter's Broad. Eng'g. v. 24 Capital LLC*, 40 F.4th 432, 441-42 (6th Cir. 2022) (concluding that allegations that the conduct injuring the plaintiff and continuing to injure it occurred in Ohio, the acts complaint of took place in Ohio, and that the defendant has a history of involvement within Ohio, failed to set forth specific facts showing that the court has jurisdiction); *Hitachi Med. Sys. Am. v. St. Louis Gynecology & Oncology, LLC*, N.D. Ohio No. 5:09-CV-2613, 2011 U.S. Dist. LEXIS 17022 ("merely directing communications to an Ohio resident for the purpose of negotiating an agreement without more, is insufficient to constitute 'transacting business.'").   Consequently, the Court should follow its recent ruling in *Wilson v. World Wrestling Ent.* and find that it does not have specific jurisdiction over ALATUS.

## V.   The Amended Complaint fails to state a claim against ALATUS upon which relief can be granted.

### A.   Federal Pleading Obligations.

Rule 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted.   When considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Columbus Garage Floor Coating LLC v. Iowa Concrete, LLC*, S.D. Ohio, Case No. 21-CV-3851, 2022 U.S. Dist. LEXIS 33127, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Id.*, citing *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

The plaintiff must provide the grounds of entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**B.     The Amended Complaint fails to state a claim for Quantum Meruit/Unjust Enrichment Unjust Enrichment (Counts I and II).**

In Pennsylvania, a claim for unjust enrichment is the same as quantum meruit and the

elements are the same no matter the label.   *Goldsmith Assocs. v. Del Frisco's of Phila., Inc.*, E.D. Pa. Case No. 09-1359, 2009 U.S. Dist. LEXIS 92193.   Pennsylvania restricts unjust enrichment claims by subcontractors against project owners.   In *D.A. Hill Co. v. Clevetrust Realty Investors*, the Pennsylvania Supreme Court held in a case where a subcontractor provided services to an owner who had no contractual relationship to the subcontractor, (1) any benefit conferred must, for purposes of recovery on an unjust enrichment theory, be measured by the value of the benefit to the owner, not by the value of the invoice submitted by the subcontractor; and (2) the owner's retention of the benefit without paying any compensation to the subcontractor would not be unjust if the owner did not contract directly with or mislead the subcontractor.   524 Pa. 425, 432 (1990).

While Gruppo alleges that OVC supplied labor, services, materials, and specialized knowledge at the "request of" ALATUS,[19] is the type of "naked assertion" devoid of "further factual enhancements" that are insufficient pleading under *Iqbal* and *Twombly*.   Furthermore, that assertion cannot stand in the face of OVC's original Complaint that states "it made improvements to real property owned by [ALATUS] ***at the direction of Gruppo*** which benefits both of them"[20] and that "***Gruppo owes $2,082,332.00*** to OVC pursuant to verbal and written contracts" attached to the Complaint as Exhibit 1 and an account attached as Exhibit 2.[21]   OVC did not allege that it made improvements at the direction or request of ALATUS and its damage claim is based on written contracts and an account by and between only OVC and Gruppo.   Furthermore, OVC's original Complaint affirmatively stated that improvements were made at the direction of Gruppo and that those improvements were pursuant to contracts with Gruppo.   In fact, the invoices attached to OVC's original Complaint identifies the contracting parties as OVC and Gruppo:[22]

---

[19] Amended Complaint, ¶43
[20] Exhibit D, original Complaint, ¶4.
[21] Exhibit D, original Complaint, ¶¶1 and 2.
[22] Exhibit D, original Complaint, Exhibit 1.

Contract
Contract Date: July 30, 2024
Contract Between          Ohio Valley Concrete LLC
                         Gruppo

Gruppo's allegations that ALATUS accepted and benefited from Plaintiff's work and was enriched by Plaintiff's labor, and materials, and deliverables by incorporating Plaintiff's work into global announcements, investor messaging, and climate commitments[23] (actions which Gruppo itself took) are again the type of legal conclusions or naked assertions that must be disregarded under *Iqbal* and *Twombly*.   As *D.A. Hill* makes clear, the conferral of a benefit is a necessary, but not sufficient, condition of a valid unjust enrichment claim.   The unjust enrichment doctrine does not apply simply because the defendant may have benefitted as a result of the actions of the plaintiff.   In order to avoid dismissal of the unjust enrichment claim, Gruppo must allege facts showing that ALATUS itself specifically requested benefits or misled OVC, which it has failed to do.   *Goldsmith Assocs. v. Del Frisco's of Phila., Inc.*, E.D. Pa. Case No. 09-1359, 2009 U.S. Dist. LEXIS 92193; *see also Merrill Iron & Steel, Inc. v. Blaine Constr. Corp.*, W.D. Pa. Case No. 14-221, 2014 U.S. Dist. LEXIS 89932 (dismissing subcontractor's claim against owner for unjust enrichment for failure to allege that the owner misled the subcontractor).

C.     The Amended Complaint fails to state a claim for Account Stated (Count III).

For its Account Stated claim, Gruppo asserts that OVC rendered invoices and account statements to ALATUS, totaling $2,082,332.00 and that ALATUS accepted OVC's work and failed to dispute the invoices within a reasonable time.[24]   This is identical to the amount on the account statement OVC billed to **Gruppo** as shown on Exhibit 2 to OVC's original Complaint.

Where OVC did possess invoices and an account statement by and between OVC and

---

[23] Amended Complaint, ¶¶43 and 47.
[24] Amended Complaint, ¶51.

Gruppo and did attach them to its original Complaint, Gruppo chose to omit the invoices and account statement from the Amended Complaint and has not attached any other invoices or an account statement by and between OVC and ALATUS.  In the absence of invoices to and an account by and between OVC and ALATUS, the mere allegations of the existence of a stated account between OVC and ALATUS are no more than conclusions unsupported by well-pleaded factual allegations as required by *Twombly* and *Iqbal*.

> **D.   The Amended Complaint fails to state a claim for Fraudulent Inducement (Count IV).**

To establish a claim for fraudulent inducement under Pennsylvania law, a plaintiff must show: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  *Gunton Corp. v. Toa Constr. Corp.*, W.D. Penn. No. 2:23-2203, 2024 U.S. Dist. LEXIS 153377, citing *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 2005 PA Super 141, ¶18 (2005).

Federal Civil Rule 9(b) requires a party asserting fraud to "state with particularity the circumstances constituting fraud or mistake."   That requires the plaintiffs "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.*, quoting *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993).   *Gunton Corp.,* supra ("To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."), quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

Gruppo's fraudulent inducement claim fails to satisfy the requirement for particularity.   It vaguely asserts that ALATUS and L' Air Liquide S.A falsely represented that OVC's invoices would be paid once internal approvals were obtained and the requests for more money would be processed in the ordinary course; these promises were knowingly false when made; were intended to induce OVC to continue to supply schedules, manpower, and technical know-how; and OVC relied to its detriment by continuing to mobilize works and payroll costs.[25]   The Amended Complaint does not allege when the representations were made, the place they were made, who specifically made the representations, or what was said.   The Amended Complaint does not contain any factual allegations to support its rote recitation of the fraud elements beyond mere conclusory assertions. Because the fraudulent inducement claim has not been pled with the particularity required by Rule 9(b) it should be dismissed.   *Gunton Corp.*, supra.

### E.     The Amended Complaint fails to state a claim for Promissory Estopped (Count V).

For its promissory estoppel claim, Gruppo asserts that ALATUS "promised that Plaintiff would be paid for work performed and that Plaintiff's payment requests would be addressed" and that "Plaintiff reasonably relied on Defendant ALATUS's promises by continuing to supply schedules, labor, and equipment at significant costs."[26]   It is difficult to discern here whether Gruppo is referring to itself as the Plaintiff or OVC.

Promissory estoppel has three elements under Pennsylvania law:   1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise.   *Lutz v. Rakuten, Inc.*, 376 F. Supp. 455, 475 (E.D. Pa. 2019) citing *Gutteridge v. J3 Energy Group., Inc.*, 2017 PA Super

---

[25] Amended Complaint, ¶¶54-56.
[26] Amended Complaint, ¶¶ 59 and 60.

150, 165 (2017). "Broad and vague implied promise[s]" are insufficient to state a claim for promissory estoppel and a plaintiff must plead facts to show the existence of an express promise made by defendants. *Id.; Abira Med. Labs. LLC v. Meritain Health, Inc.*, E.D. Pa. No. 24-3140, 2025 U.S. Dist. LEXIS 55742. Here, Gruppo has simply recited the threadbare elements for promissory estoppel and its Amended Complaint is completely devoid of factual allegations to demonstrate that a promise was made upon which there was reliance.

   **F.    The Amended Complaint fails to state a claim for Tortious Interference with Contracts and Business Relationships (Count VI).**

   Gruppo alleges that Plaintiff maintained valid business relationships and economic expectancies with multiple suppliers and subcontractors, that ALATUS interfered with those relationship by issuing directives directly to subcontractors, rejecting payment requests without justification, and withholding payment, and attempting to assume subcontracts to exclude Plaintiff. Gruppo is presumably again referring to OVC, but the allegations read like Gruppo is referring to itself rather than OVC by this point on the complaint. Gruppo goes on the allege that L' Air Liquide S.A. interfered with Plaintiff's relationship by directing ALATUS to use Plaintiff's schedules, methods, and supplier access.

   The elements essential to recovery for a tortious interference with contracts or a business relationship in Pennsylvania are: (1) the existence of a contractual relation (or prospective contractual relation) between the claim and a third party; (2) purposeful action by the opposing party specifically intended to harm the existing relation; (3) the absence of privilege to do so; and (4) resulting damages. *Am. Handiwork, Inc. v. 84 Lumber Co., LP*, W.D. Penn No. 2:21-CV00028, 2021 U.S. Dist. LEXIS 155462).

   Gruppo's allegations are again just a basic recitation of elements of a cause of action for tortious interference, which fails to include an allegation of purposeful action causing a breach or

15

termination of any third-party contract or relationship and knowledge thereof, which are essential elements for tortious interference under Pennsylvania law.

Gruppo neglects to include any facts whatsoever regarding ALATUS' interactions with any of OVC's unidentified third-party contracts and fails to identify pending negotiations or other evidence from which OVC contemplated a new contract would have materialized absent ALATUS' alleged interference.  An allegation that a party interfered with certain unspecified business relationships "is just a legal conclusion[.]  Absent some factual allegation that [ALATUS] actions ended or prevented a business relationship," a 12(b)(6) dismissal is proper. *Am. Handiwork*, supra (dismissing claims of tortious interference because the complaint provided nothing beyond a conclusory statement without venturing into the facts and factors needed to support pleading a lack of privilege and justifications.  "Such imprecision and lack of factual support on both the second and third elements are insufficient to support a tortious interference with contractual relations claim.").

### G.     The Amended Complaint fails to state a claim for Civil Conspiracy (Count VII).

Civil conspiracy under Pennsylvania law is a tort involving (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage. *Phillips v. Selig*, 2008 PA Super 244, ¶46 (2008).  Additionally, under Pennsylvania law it is essential to a cause of action for civil conspiracy that there be evidence of malice, *i.e.*, an intent to injure.  *Michael v. Shiley, Inc.*, E.D. Pa. No. 93-1729, 1994 U.S. Dist. LEXIS 1973, at * 48, citing *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211 (1979).

It is well-settled that a corporation cannot conspire with its subsidiaries, its agents or its employees;  *Siegel Transfer v. Carrier Express*, 856 F. Supp 990, 1009 (E.D. Pa. 1994); s*ee also*

16

*Michael v. Shiley, Inc.*, supra at * 46-47 (granting summary judgment to defendants on state law conspiracy claim involving alleged conspiracy between parent and subsidiary). Gruppo describes ALATUS as being "wholly owned and controlled by Defendant Air Liquide," that L' Air Liquide S.A conceived and financed the Pennsylvania and Michigan Projects, and that L' Air Liquide S.A directed ALATUS to use OVC's schedules, methods, and supplier access to build a framework for other projects.[27] These allegations explicitly allege the parent-subsidiary relationship and do not allege any independent activity by ALATUS outside of the parent-subsidiary. Because the relationship between ALATUS and L' Air Liquide S.A is that of parent and subsidiary, no civil conspiracy claim can be asserted as a matter of law.

Independent of this legal barrier, Gruppo has not alleged any malice directed toward OVC or that ALATUS acted solely to injure OVC. Furthermore, a civil conspiracy claim cannot stand alone; it requires a valid underlying tort. Without an actionable tort, a civil conspiracy claim is not viable and the dismissal of Gruppo's tort claims would operate to nullify the civil conspiracy claim. *Riley v. Timmons Constr. LLC*, W.D. Pa. No. 21-286, 2022 U.S. Dist. Lexis 35044.

### H. The Amended Complaint fails to state a claim for Declaratory Judgment (Count VIII).

Gruppo requests declaratory judgment as its final cause of action asserting that it seeks a declaratory judgment that "Plaintiff holds the right to be paid for labor, services, and materials furnished, and that [Defendants] may not retain or use Plaintiff's work product with full compensation under the laws of the state of Ohio."

Gruppo's declaratory judgment is not an independent request for relief. Instead, it is directed at the allegations of the Amended Complaint, and merely restates that the Court should determine that OVC (and Gruppo by assignment) is entitled to be paid for the work furnished by

---

[27] Amended Complaint, ¶¶15, 16, and 65.

OVC to the Pennsylvania Project.   That is precisely what Gruppo seeks in its first seven causes of action and any determination on the merits of those claims would render a declaratory judgment moot and redundant to those claims.   This is not a proper use of declaratory judgment and should be dismissed.  *See Vasu v. Combi Packaging Sys. LLC*, N.D. Ohio Case No. 5:18-cv-1889; 2020 U.S. Dist. LEXIS 91168; *Young v. Columbus Life Ins. Co.*, S.D. Ohio Case No. 1:22-cv-553, 2025 U.S. Dist. LEXIS 193218 (dismissing such claims as redundant and duplicative).

## CONCLUSION

The proper location for this dispute is AAA arbitration, the forum where the parties explicitly agreed to resolve their disputes.   Even if their arbitration agreement were ignored, however, the proper location for litigation would be within Pennsylvania, where the construction project is located, where OVC performed its project work, and where OVC has filed its mechanic's lien.   Apart from these practical considerations, ALATUS simply does not have the required substantial connections for an exercise of personal jurisdiction over ALATUS in Ohio.   The claims against ALATUS should separately be dismissed because once the rhetoric is removed from the Amended Complaint, it consists of nothing more than threadbare recitals of the elements and conclusory statements that are devoid of factual enhancements, which are not sufficient to state a claim under the pleading standards in *Iqbal* and *Twombly*.   Therefore, Defendant Air Liquide Advanced Technologies U.S. LLC moves this Court to be dismissed from this case with prejudice or that this case be dismissed entirely at Plaintiff's costs.

Respectfully submitted,

*/s/ Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)
Nicholas J. Horrigan (#0087345)
HARPST BECKER LLC
1559 Corporate Woods Parkway, Ste. 250
Uniontown, OH 44685
jspoonster@harpstbecker.com

18

nhorrigan@harpstbecker.com
(330) 983-9971
(330) 983-9981 (fax)

## LOCAL RULE 7.1 CERTIFICATION

The undersigned certifies that this case has been assigned to the standard track and that this Memorandum adheres to the 20-page limitations set forth in Loc. R. 7.1(f) for standard track cases.

*/s/ Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2025, a copy of the foregoing document was submitted for electronic filing.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.   Parties may access this filing through the Clerk of Court's E-Filing System.

*/s/ Joseph R. Spoonster*
Joseph R. Spoonster (#0070863)