# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

GRUPPO EF TECNOLOGIE USA, LLC,

                      Plaintiff,

    v.

AIR LIQUIDE ADVANCED
TECHNOLOGIES U.S. LLC, et al.

                Defendants.

Civil Case No. 4:25-cv-01531-BYP

Judge Benita Y. Pearson

## DEFENDANT L'AIR LIQUIDE S.A.'S
## MOTION TO DISMISS OR STAY PENDING ARBITRATION

Defendant L'Air Liquide S.A. ("ALSA") moves this Court to (i) dismiss this case with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted or (ii) stay this action pending final resolution of the arbitration between Air Liquide Advanced Technologies U.S., LLC and Plaintiff Gruppo EF Tecnologie USA, LLC.  A memorandum in support of this motion is attached.  Appended to the memorandum as Exhibit A is ALSA's supporting declaration.

Respectfully submitted,

**THOMPSON HINE LLP**

/s/ Sean P. McCormick
Sean P. McCormick, Trial Attorney (0088281)
Kelsey J. Mincheff (0097720)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342
Telephone: 937.443.6600/Facsimile:
937.443.6635

Sean.McCormick@ThompsonHine.com
Kelsey.Mincheff@ThompsonHine.com

Thomas L. Feher (0038575)
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: 216.566.5532/Facsimile:
216.566.5800
Tom.Feher@ThompsonHine.com

Gregory M. Starner (admitted *pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-819-8839
gstarner@whitecase.com

*Attorneys for Defendant L'Air Liquide S.A.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| GRUPPO EF TECNOLOGIE USA, LLC, | |
| Plaintiff, | Civil Case No. 4:25-cv-01531 |
| v. | Judge: Benita Y. Pearson |
| AIR LIQUIDE ADVANCED TECHNOLOGIES U.S. LLC, et al. | |
| Defendants. | |

## DEFENDANT L'AIR LIQUIDE S.A.'S
## <u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>
## <u>OR STAY PENDING ARBITRATION</u>

**THOMPSON HINE LLP**

Sean P. McCormick, Trial Attorney (0088281)
Kelsey J. Mincheff (0097720)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342
Telephone: 937.443.6600
Facsimile: 937.443.6635
Sean.McCormick@ThompsonHine.com
Kelsey.Mincheff@ThompsonHine.com


Thomas L. Feher (0038575)
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: 216.566.5532
Facsimile: 216.566.5800
Tom.Feher@ThompsonHine.com

**WHITE & CASE LLP**

Gregory M. Starner (admitted *pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-819-8839
gstarner@whitecase.com


*Attorneys for Defendant*
*L'Air Liquide S.A.*

i

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

FACTUAL BACKGROUND ..............................................................................2

    I.      The Parties ..........................................................................................2

    II.     The Pennsylvania Project...................................................................3

    III.    The Current Dispute............................................................................3

    IV.    The Pending Arbitration Between ALATUS and Gruppo.......................4

ARGUMENT ......................................................................................................5

    I.      The Court Lacks Personal Jurisdiction Over ALSA ..............................5

        A.    Ohio's Long-Arm Statute Does Not Provide a Basis for Personal Jurisdiction Over ALSA ........................................................................6

        B.    Exercising Personal Jurisdiction Over ALSA Would Not Comport With Constitutional Due Process .................................................................8

            1.   General Jurisdiction is Lacking ................................................8

            2.   Specific Jurisdiction is Lacking ...............................................8

    II.     Plaintiff Fails to State a Claim Against ALSA ....................................12

        A.    Plaintiff Fails to State a Claim for Fraudulent Inducement (Count IV) ...........13

        B.    Plaintiff Fails to State a Claim for Civil Conspiracy (Count VII) ...................14

        C.    The Amended Complaint Fails to State a Claim for Quantum Merit (Count I) or Unjust Enrichment (Count II)........................................................15

        D.    Plaintiff Fails to State a Claim for Tortious Interference (Count VI)..............16

        E.    Plaintiff is Not Entitled to Declaratory Relief (Count VIII)............................18

    III.    The Court Should Issue a Stay Pending Arbitration.............................19

CONCLUSION.................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**CASES**

*Becker v. Cardinal Health, Inc.*,
    179 N.E.3d 769 (Ohio Ct. App. 2021) ............................................................................ 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 13

*Bird v. Delacruz*,
    No. 04-CV-661, 2005 U.S. Dist. LEXIS 48388 (S.D. Ohio July 6, 2005) ...................... 18

*Bird v. Parsons*,
    289 F.3d 865 (6th Cir. 2002) ................................................................................. 8, 9, 11

*Bodine Perry, PLLC v. Bodine*,
    667 F. Supp. 3d 617 (N.D. Ohio 2023) .......................................................................... 17

*Boller v. Everything Ice, Inc.*,
    No. 4:23-cv-1997, 2024 U.S. Dist. LEXIS 16548 (N.D. Ohio Jan. 31, 2024) .................. 7

*Borcherding Enters. v. Heritage Advisory Grp. of S. Ind.*,
    No. 1:06-CV-003, 2006 U.S. Dist. LEXIS 103876 (S.D. Ohio July 12, 2006) ............... 20

*Boulder Healthcare, LLC v. Boulder FG Holdings, LLC*,
    No. 1:20 CV 2171, 2024 U.S. Dist. LEXIS 120587 (N.D. Ohio Mar. 18, 2024) ............. 13

*Brunner v. Hampson*,
    441 F.3d 457 (6th Cir. 2006) ........................................................................................... 6

*Cadle Co. v. Schlichtmann*,
    123 F. App'x 675 (6th Cir. 2005) ................................................................................... 11

*Carbone v. Kaal*,
    140 F.4th 805 (6th Cir. 2025) ................................................................................... 5, 8, 9

*Coffey v. Foamex L.P.*,
    2 F.3d 157 (6th Cir. 1993) ............................................................................................. 13

*Conn v. Zakharov*,
    667 F.3d 705 (6th Cir. 2012) ........................................................................................... 5

*Cordle v. Enovis Corp.*,
    No. 24-5958, 2025 U.S. App. LEXIS 13705 (6th Cir. June 3, 2025) .............................. 10

*Dahlhausen v. Aldred*,
 932 N.E.2d 949 (Ohio Ct. App. 2010) ............................................................... 7

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ............................................................................................. 8

*Dana Ltd. v. Aon Consulting, Inc.*,
 984 F. Supp. 2d 755 (N.D. Ohio 2013) .............................................................. 14

*Ehplabs Rsch., LLC v. Smith*,
 No. 5:22CV0653, 2022 U.S. Dist. LEXIS 140040 (N.D. Ohio Aug. 5, 2022) ................. 18

*In re Gas Nat., Inc.*,
 No. 1:13 CV 02805, 2015 U.S. Dist. LEXIS 72538 (N.D. Ohio June 4, 2015) .............. 16

*In re Gas Nat., Inc.*,
 No. 1:13-CV-02805, 2014 U.S. Dist. LEXIS 184046 (N.D. Ohio Sep. 24, 2014) ........................................................................................................... 16

*Girgis v. Countrywide Home Loans, Inc.*,
 No. 1:10-CV-00590, 2010 U.S. Dist. LEXIS 114842 (N.D. Ohio Oct. 28, 2010) ........... 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011) ............................................................................................. 8

*Hitachi Med. Sys. Am. v. St. Louis Gynecology & Oncology, LLC*,
 No. 5:09-CV-2613, 2011 U.S. Dist. LEXIS 17022 (N.D. Ohio Feb. 22, 2011) ................. 7

*Hoffer v. Cooper Wiring Devices, Inc.*,
 No. 1:06CV763, 2007 U.S. Dist. LEXIS 42871 (N.D. Ohio June 13, 2007) ............. 15, 16

*Hope Christian Fellowship v. Chesapeake Energy Corp.*,
 No. 4:15CV02275, 2016 U.S. Dist. LEXIS 135737 (N.D. Ohio Sep. 29, 2016) ............ 20

*Invacare Corp. v. Sunrise Med. Holdings, Inc.*,
 No. 1:04 CV 1439, 2004 U.S. Dist. LEXIS 28169 (N.D. Ohio Dec. 15, 2004) .............. 10

*Kalus v. Metro. Life Ins. Co.*,
 No. 1:24 CV 207, 2024 U.S. Dist. LEXIS 157329 (N.D. Ohio Sep. 3, 2024) ................ 18

*Krawczyszyn v. Columbian Life Ins. Co.*,
 No. 1:21 CV 85, 2021 U.S. Dist. LEXIS 121711 (N.D. Ohio June 30, 2021) ................ 19

*Kurek v. Ohio Dep't of Dev. Disabilities*,
 No. 3:16CV623; 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio Jan. 20, 2017) .................... 14

*Liedtke v. Frank, Javitch, Block & Rathbone*,
  437 F. Supp. 2d 696 (N.D. Ohio 2006) ........................................................................... 20

*Lincoln Elec. Co. v. Manahan*,
  No. 1:10 CV 00724, 2011 U.S. Dist. LEXIS 89169 (N.D. Ohio Aug. 11, 2011) ............ 14

*Mallinckrodt PLC v. Airgas Therapeutics LLC Airgas USA LLC*,
  No. 22-1648-RGA, 2024 U.S. Dist. LEXIS 51211 (D. Del. Mar. 22, 2024) ......... 9, 10, 11

*Meldrum v. Dillard's Inc.*,
  No. 5:21-CV-01673, 2022 U.S. Dist. LEXIS 72742 (N.D. Ohio Apr. 19, 2022) ............. 20

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*,
  91 F.3d 790 (6th Cir. 1996) ............................................................................................ 12

*Nicholson v. Jayco, Inc.*,
  No. 5:15-cv-2010, 2016 U.S. Dist. LEXIS 134469 (N.D. Ohio Sep. 29, 2016) ................. 6

*Niederst v. Minuteman Capital, LLC*,
  No. 1:23-cv-117, 2024 U.S. Dist. LEXIS 130270 (N.D. Ohio July 24, 2024) ................. 14

*Oasis Entm't Complex, Inc. v. Lawrence*,
  No. 98-3218, 1999 U.S. App. LEXIS 9063 (6th Cir. May 7, 1999) ................................. 10

*Ohio Edison Co. v. Frontier North Inc.*,
  No. 5:14cv321, 2014 U.S. Dist. LEXIS 160297 (N.D. Ohio Nov. 14, 2014) ............... 6, 7

*Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*,
  40 F.4th 432 (6th Cir. 2022) ........................................................................................... 12

*Plastics Mach. Grp., Inc. v. Thermoforming Process, Prods.*,
  No. 1:24 CV 185, 2025 U.S. Dist. LEXIS 36118 (N.D. Ohio Feb. 28, 2025) .......... 14, 15

*Reo v. Lindstedt*,
  No. 1:19cv02589, 2020 U.S. Dist. LEXIS 252178 (N.D. Ohio Aug. 12, 2020) ............. 15

*Revolution Sales & Mktg. v. Oncore Golf Tech., Inc.*,
  No. 5:14CV00239, 2014 U.S. Dist. LEXIS 172963 (N.D. Ohio Dec. 15, 2014) ... 5, 12, 13

*Reynolds v. Int'l Amateur Ath. Fed'n*,
  23 F.3d 1110 (6th Cir. 1994) ........................................................................................... 11

*Roy's Travel Bureau, Inc. v. Inspire Travel Grp., LLC*,
  No. 5:25-cv-1427, 2025 U.S. Dist. LEXIS 200915 (N.D. Ohio Oct. 10, 2025) .............. 17

*S. Mach. Co. v. Mohasco Indus., Inc.*,
    401 F.2d 374 (6th Cir. 1968) ........................................................................ 9

*Schneider v. Credit Hum. Fed. Credit Union*,
    No. 4:20CV1747, 2021 U.S. Dist. LEXIS 8479 (N.D. Ohio Jan. 15, 2021) ................... 15

*Super Sulky, Inc. v. U.S. Trotting Ass'n*,
    174 F.3d 733 (6th Cir. 1999) ...................................................................... 17

*Szep v. GM LLC*,
    491 F. Supp. 3d 280 (N.D. Ohio 2020) ........................................................ 16

*Trans Rail Am., Inc. v. Hubbard Twp.*,
    No. 4:08CV2790, 2010 U.S. Dist. LEXIS 2682 (N.D. Ohio Jan. 13, 2010) ................... 15

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................... 8

*Whitacre v. Nations Lending Corp.*,
    No. 5:19CV809, 2019 U.S. Dist. LEXIS 127759 (N.D. Ohio July 31, 2019) ................. 13

*Wilson v. World Wrestling Ent.*,
    No. 4:24-CV-00062, 2024 U.S. Dist. LEXIS 192103 (N.D. Ohio Oct. 22,
    2024) ................................................................................................ 5, 8, 12

*World Shipping v. RMTS, LLC*,
    No. 1:12 CV 3036, 2013 U.S. Dist. LEXIS 25996 (N.D. Ohio Feb. 22, 2013) .............. 19

## STATUTES AND RULES

Fed. R. Civ. P. 4(k)(2).............................................................................................. 9

Fed. R. Civ. P. 9(b) ........................................................................................... 13, 14

Fed. R. Civ. P. 12(b)(6).......................................................................................... 1, 12

Ohio Rev. Code § 2307.382...................................................................................... 6, 7

## INTRODUCTION

L'Air Air Liquide S.A. ("ALSA") does not belong in this case.  ALSA is the ultimate French parent company of Defendant Air Liquide Advanced Technologies U.S., LLC ("ALATUS"), but it has no presence in the United States, no connection to Ohio, and no role in the underlying dispute which involves a construction project for which Plaintiff Gruppo EF Tecnologie USA, LLC ("Gruppo") acted as ALATUS' general contractor.  Plaintiff's effort to pull ALSA into this proceeding is a misguided attempt to distract from its own liability and its obligation to arbitrate the underlying dispute with ALATUS.

The claims asserted against ALSA fail for several reasons.  *First*, ALSA is a French company without sufficient contacts to the United States or Ohio to support personal jurisdiction.  Ohio's long-arm statute does not confer jurisdiction over ALSA, and exercising jurisdiction over ALSA would also not comport with Constitutional due process.  Simply put, ALSA does not conduct business in Ohio, has not purposefully availed itself of the U.S. market, and does not have sufficient connection to the alleged conduct underlying this dispute to support the Court's exercise of jurisdiction.

*Second*, the Amended Complaint fails to state a plausible claim against ALSA.[1]  Plaintiff has not alleged with the requisite particularity a plausible fraudulent inducement claim (Count IV).  Likewise, Plaintiff's civil conspiracy claim (Count VII) fails because a parent company like ALSA cannot conspire with one of its subsidiaries and Plaintiff has not pled the elements of the claim with the requisite specificity.  Plaintiff's claims for quantum meruit (Count I) and unjust enrichment (Count II) also fail because there are no well-pled allegations that ALSA actually benefited from any work by Plaintiff.  The claim for tortious interference (Count VI) is deficient

---

[1] ALSA also joins in ALATUS's Renewed Motion to Dismiss (Dkt. No. 27) to the extent applicable to the claims asserted against ALSA.

because Plaintiff does not sufficiently identify any business or contractual relationship that was actually interfered with, much less that ALSA had the requisite knowledge of any such relationship or intention to interfere.  Finally, Plaintiff's request for declaratory relief (Count VII) is duplicative of its other (defective) claims and, therefore, not warranted and baseless.

*Third*, there is a pending arbitration between ALATUS and Gruppo before the American Arbitration Association ("AAA") regarding the gravamen of this dispute and key issues in the Amended Complaint.  To the extent the claims against ALSA are not otherwise dismissed, the case should be stayed as a matter of judicial economy pending the resolution of the arbitration.

## FACTUAL BACKGROUND

### I.    The Parties

Moving Defendant ALSA is a French corporation with headquarters in Paris, France.  *See* Declaration of Jacques Molgo ("Declaration") dated December 17, 2025 attached as Exhibit A  ¶ 2.  ALSA is the ultimate parent entity of the Air Liquide Group ("Group"), a global network of corporate affiliates which supplies industrial gases and services to various industries.  *Id.* ¶ 3-4. ALSA does not have an office or agent in the United States, let alone Ohio.  *Id.* ¶¶ 10, 15.  It does not own, use, possess, or hold a mortgage or other lien on any real property within Ohio or the United States.  *Id.* ¶¶ 5, 13.  ALSA has no employees or facilities in Ohio or the United States.  *Id.* ¶ 5.  In fact, ALSA does not conduct or transact any business in the United States, and does not sell any products or services in the United States.  *Id.* ¶ 14.

Co-Defendant ALATUS is a Delaware limited liability company with its principal place of business in Houston, Texas.  Dkt. No. 8 (ALATUS Decl. of Citizenship) ¶ 2.  ALSA is the ultimate parent company of ALATUS, separated by four (4) degrees of separation within the Group's corporate structure.  Decl. ¶ 3.  There is no overlap between the directors and officers of ALSA and ALATUS.  *Id.* ¶ 16.  ALSA does not manage the day-to-day activities of ALATUS.  *Id.* ¶ 18.

2

ALSA and ALATUS have separate record keeping infrastructure, bank accounts, and each pay their own taxes. *Id.*

Gruppo is a limited liability biogas plant manufacturer incorporated in Delaware and headquartered in New York. Dkt. No. 10 (Gruppo's Jurisdictional Statement). Ohio Valley Concrete, LLC ("OVC") is limited liability concrete contractor incorporated in Ohio and headquartered in Columbiana County, Ohio. Dkt. No. 6 (OVC's Jurisdictional Statement).

## II. The Pennsylvania Project

This case arises from a dispute regarding the construction of a biogas facility in Center Township, Pennsylvania (the "Pennsylvania Project").[2] In or around September 2022, ALATUS engaged Gruppo as the general contractor for the Pennsylvania Project and Gruppo and ALATUS entered into an Engineering, Procurement, and Construction Agreement (the "EPCA") for the project. *See* Dkt. No. 27 (ALATUS Renewed Motion to Dismiss) ("ALATUS Mot.") at 1; attached as Exhibit B is a copy of the EPCA dated September 2, 2022. The EPCA provides that "All claims, disputes and other controversies arising out of or relating to this Agreement . . . shall be settled by binding arbitration" before the AAA. EPCA Exhibit A § 21. Gruppo subcontracted with OVC to work on the Pennsylvania Project. *See* ALATUS Mot., Ex. A ¶ 9. ALSA was not a party to the EPCA or any other agreement in connection with the Pennsylvania Project, and has never had a contractual relationship with Gruppo or OVC. Decl. ¶ 19-20.

## III. The Current Dispute

On June 18, 2025, this case was originally filed by OVC against Gruppo and ALATUS in the Court of Common Pleas in Columbiana County, Ohio. *See* OVC's Summons on Complaint ("Complaint") filed on June 18, 2025, attached as Exhibit C. OVC's Complaint asserted a breach

---

[2] ALATUS also engaged Gruppo on a different project in Michigan (the "Michigan Project") that is briefly referenced in the Amended Complaint. *See, e.g.*, Amended Compl. ¶ 22-23.

of contract claim against Gruppo and an unjust enrichment claim against both Gruppo and ALATUS, alleging that Gruppo and ALATUS owed OVC for work performed on the Pennsylvania Project.  Compl. ¶¶ 1, 2, 6.  In the Complaint, OVC alleged a payment dispute between OVC and Gruppo, and acknowledged that OVC acted on the Pennsylvania Project at the direction of Gruppo.  Compl. ¶ 4.  ALSA was not named as a party and was not referenced anywhere in the Complaint.

On July 23, 2025, ALATUS removed the proceeding to this Court.  *See* Dkt. No 1 (Notice of Removal).  On September 15, 2025, OVC filed a motion to dismiss claims against Gruppo and substitute Gruppo as the real party in connection with an alleged assignment of OVC's claims against ALATUS to Gruppo.  Dkt. No. 20 (Motion to Substitute Gruppo as Real Party Plaintiff).  Significantly, the motion to substitute makes no mention of ALSA whatsoever.  *Id*.  On September 16, 2025, the Court granted OVC's motion.  Dkt. No. 21 (Sept. 16, 2025 Order).  Gruppo subsequently filed the Amended Complaint substituting itself as the real plaintiff in interest on September 29, 2025.  Amended Compl. ¶ 2.  The Amended Complaint for the first time named ALSA as a defendant with respect to claims for Quantum Meruit, Unjust Enrichment, Fraudulent Inducement, Tortious Interference, Civil Conspiracy, and Declaratory Judgment.[3]  Amended Compl. ¶¶ 42-49, 53-57, 62-73.

## IV.    The Pending Arbitration Between ALATUS and Gruppo

On October 8, 2025, ALATUS initiated an AAA arbitration against Gruppo under the EPCA in connection with the parties' dispute, seeking among other things to recover funds overpaid to Gruppo due to Gruppo's failure to complete construction of the Pennsylvania Project.  *See* the Demand for Arbitration and Statement of Claims dated October 8, 2025 attached as Exhibit

---

[3] The Amended Complaint also asserts additional claims against ALATUS for Account Stated and Promissory Estoppel.

D.  A panel of three arbitrators has been appointed and the first hearing is expected in early 2026.

On October 13, 2025, ALATUS filed a Petition to Dismiss or Transfer and Stay Pending Completion of Arbitration ("Arbitration Mot.").  *See* Dkt. No. 28.   ALATUS moved to dismiss this action in favor of the pending arbitration, or to transfer this action to the District Court for the Southern District of Texas, Houston Division and stay this action pending final resolution of the arbitration.  *Id.* at 1.  The petition is based on the broad arbitration provision in the EPCA which would apply to the parties' dispute and Gruppo's claims asserted in the Amended Complaint.  *Id.*

## ARGUMENT

### I.   The Court Lacks Personal Jurisdiction Over ALSA

ALSA is a French company that lacks sufficient contacts with Ohio or the United States to support personal jurisdiction.

Plaintiff bears the burden to establish jurisdiction over ALSA.  *Revolution Sales & Mktg. v. Oncore Golf Tech., Inc.*, No. 5:14CV00239, 2014 U.S. Dist. LEXIS 172963, at *5 (N.D. Ohio Dec. 15, 2014) (Pearson, J.); *see also Wilson v. World Wrestling Ent.*, No. 4:24-CV-00062, 2024 U.S. Dist. LEXIS 192103, at *3 (N.D. Ohio Oct. 22, 2024) (Pearson, J.).  It is well established that "dismissal is proper if all the allegations put forth by the plaintiff collectively fail to state a prima facie case for jurisdiction."  *Revolution Sales,* 2014 U.S. Dist. LEXIS 172963, at *5.  To establish a prima facie case, the plaintiff must "establish[], with reasonable particularity, sufficient contacts between the defendant[] and the forum state to satisfy the relevant long-arm statute and the Due Process Clause."  *Carbone v. Kaal*, 140 F.4th 805, 808-09 (6th Cir. 2025) (citation omitted).

Plaintiff purports to assert personal jurisdiction over ALSA under Ohio's long-arm statute.  *See* Amended Compl. ¶ 19.  This Court applies a two-part analysis in determining the issue of specific jurisdiction over a nonresident defendant.  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir.

2012). *First*, the Court must determine whether Ohio's long-arm statute, Ohio Rev. Code § 2307.382, permits the exercise of personal jurisdiction. *Nicholson v. Jayco, Inc.*, No. 5:15-cv-2010, 2016 U.S. Dist. LEXIS 134469, at *7 (N.D. Ohio Sep. 29, 2016). As this Court explained in *Ohio Edison Co. v. Frontier North Inc. et al*, the "burden is much higher under Ohio's long-arm statute" than the Due Process Clause as it requires a "proximate cause" relationship between a plaintiff's personal injury claim and the defendant's conduct in Ohio. No. 5:14cv321, 2014 U.S. Dist. LEXIS 160297, at *18-19 (N.D. Ohio Nov. 14, 2014) (Pearson, J.); *Brunner v. Hampson*, 441 F.3d 457, 466 (6th Cir. 2006) (concluding the Ohio long-arm statute requires the tighter fit of proximate causation and not the "but for" approach used under the Due Process Clause).

*Second*, the Court must ensure that subjecting the nonresident defendant to jurisdiction in Ohio comports with the Due Process Clause. *Ohio Edison*, 2014 U.S. Dist. LEXIS 160297, at *9 (Pearson, J.). Due process demands that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quotation omitted).

Here, Plaintiff has not satisfied its burden. Ohio's long-arm statute does not confer jurisdiction over ALSA and due process considerations further weigh against the exercise of personal jurisdiction over ALSA.

**A. Ohio's Long-Arm Statute Does Not Provide a Basis for Personal Jurisdiction Over ALSA**

The Amended Complaint alleges specific jurisdiction under three provisions of Ohio's long arm statute: Ohio Rev. Code § 2307.382 (A)(1), (A)(3), and (C). Amended Compl. ¶ 19. None of these bases confer jurisdiction over ALSA.

*First*, ALSA does not "transact business" in Ohio under Rev. Code § 2307.382(A)(1). Ohio courts have identified two factors to help determine whether an out-of-state defendant

"transacted business" within the meaning of the long-arm statute: (i) "whether the out-of-state defendant initiated the dealing" with the in-state party; and (ii) "whether the parties conducted their negotiations or discussions in the forum state, or with terms affecting the forum state." *Hitachi Med. Sys. Am. v. St. Louis Gynecology & Oncology, LLC*, No. 5:09-CV-2613, 2011 U.S. Dist. LEXIS 17022, at \*12-14 (N.D. Ohio Feb. 22, 2011) (quotation omitted). Here, ALSA does not operate or do any business in Ohio. Decl. ¶ 6. There is also no allegation that ALSA had any contact, dealings, or negotiations with the only in-state party, OVC. Decl. ¶ 19-20. Nor are there any allegations that ALSA solicited, initiated, or negotiated any business in Ohio. *Id.* ¶ 7.[4] ALSA is therefore not subject to personal jurisdiction under Subsection (A)(1). *Ohio Edison*, 2014 U.S. Dist. LEXIS 160297, at \*13-15 (Pearson, J.) (granting a parent company's motion to dismiss because plaintiff failed to show that it transacted business in Ohio).

*Second,* Plaintiff has not sufficiently alleged that ALSA proximately caused "tortious injury by an act or omission in the state." Ohio Rev. Code § 2307.382(A)(3). Even if an injury is felt in Ohio, Subsection (A)(3) does not apply if a defendant's conduct occurred outside of Ohio. *Boller v. Everything Ice, Inc.*, No. 4:23-cv-1997, 2024 U.S. Dist. LEXIS 16548, at \*6 (N.D. Ohio Jan. 31, 2024) (finding that Subsection (A)(3) did not apply because "[n]othing in Plaintiff's allegations suggests that Defendant's acts or omissions occurred in Ohio even though they might have resulted in an injury here."); *Dahlhausen v. Aldred,* 932 N.E.2d 949, 956-57 (Ohio Ct. App. 2010). Here, the Amended Complaint does not allege any acts or conduct by ALSA in Ohio.[5]

---

[4] The Amended Complaint alleges that ALSA "conceived, financed, and announced both projects [the Pennsylvania Project and the Michigan Project] together" and "directed Defendant ALATUS as its agent to execute them" (Amended Compl. ¶ 26), but in addition to being conclusory there is no well-pled allegation that ALSA had any direct contact with OVC or Gruppo, much less any contact with them in Ohio.

[5] While Plaintiff makes certain conclusory allegations that ALSA used Plaintiff's "Ohio-based expertise" and "Ohio-based work" for the Michigan Project and "relied on Plaintiff's Ohio labor" (Amended Compl. ¶¶ 22, 26-27), there are no allegations that ALSA took any action or had any contact with Plaintiff (or anyone else) in Ohio.

Accordingly, the requirements of Subsection (A)(3) are not met.

*Third,* as described below, exercising personal jurisdiction over ALSA would be inconsistent with the United States Constitution and the Ohio Constitution.[6]  As a result, Subsection (C) cannot be a basis for personal jurisdiction over ALSA either.

## B. Exercising Personal Jurisdiction Over ALSA Would Not Comport With Constitutional Due Process

The exercise of personal jurisdiction over ALSA would also not comport with the Constitution.  For the exercise of personal jurisdiction to satisfy the Fourteenth Amendment Due Process Clause, "a nonresident defendant" must have "sufficient minimum contacts" with the forum state as to "not offend 'traditional notions of fair play and substantial justice.'"  *Wilson*, 2024 U.S. Dist. LEXIS 192103, at *7 (Pearson, J.) (quoting *Bird*, 289 F.3d at 872).

### 1.   General Jurisdiction is Lacking

General jurisdiction exists only when a defendant's contacts with the forum are so "'continuous and systematic'" as to render it "essentially at home" there.  *Carbone*, 140 F.4th at 810 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  A corporation's place of incorporation and principal place of business are the "paradigm" bases for general jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Here, ALSA is a French corporation with its principal place of business in France, and it does not have continuous and systematic contacts with Ohio to make it at home and subject to general jurisdiction.  Decl. ¶ 2.

### 2.   Specific Jurisdiction is Lacking

Specific jurisdiction applies only when the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state.  *Carbone,* 140 F.4th at 814; *Walden v. Fiore*, 571 U.S.

---

[6] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (explaining that Ohio's long am statute confers less jurisdiction than the Due Process Clause).

277 (2014) (explaining how specific jurisdiction depends on the relationship between the forum and the underlying controversy).  The Six Circuit's three-part test for determining whether specific jurisdiction exists is:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also Carbone,* 140 F.4th at 810.  None of the elements are met here.

*First,* ALSA did not purposefully avail itself of the privilege of conducting activities in Ohio or causing a consequence in Ohio.  Plaintiff does not specifically allege ALSA has any type of presence in Ohio, and it does not.  ALSA does not operate or do business in Ohio (or the United States), nor does it have any offices, employees, or property in Ohio (or the United States).  Decl. ¶¶ 5-6, 13.  ALSA also does not solicit or initiate business in Ohio, has not advertised, marketed, sold or shipped products to Ohio consumers, and is not party to any contracts with any Ohio business or residents.  *Id.* ¶ 6-8.

A recent decision by the District Court for the District of Delaware dismissing claims against ALSA for lack of personal jurisdiction is instructive.  In *Mallinckrodt PLC v. Airgas Therapeutics LLC Airgas USA LLC*,[7] the court held it did not have personal jurisdiction over ALSA because the plaintiffs had not met their burden of pleading that ALSA purposefully directed any activities in the United States or that an agency relationship existed between ALSA and its two subsidiaries who were also defendants.  No. 22-1648-RGA, 2024 U.S. Dist. LEXIS 51211, at

---

[7] *Mallinckrodt* involved patent infringement claims under federal law, and the court applied a jurisdictional analysis with respect to the United States as a whole under Federal Rule of Civil Procedure 4(k)(2).  *Id.* at *5.

*13-14 (D. Del. Mar. 22, 2024).  Similarly, here, Plaintiff has not sufficiently alleged that ALSA purposefully directed any activity at Ohio or the United States.  Plaintiff also has not alleged any type of agency relationship between ALSA and ALATUS, nor could it.

To the extent Plaintiff makes some generic and conclusory allegations conflating ALSA and ALATUS (*see*, *e.g.*, Amended Compl. ¶¶ 38, 41, 44), that is not sufficient.  *See Cordle v. Enovis Corp.*, No. 24-5958, 2025 U.S. App. LEXIS 13705, at *4, 7-8 (6th Cir. June 3, 2025) (affirming the lower court's finding that it lacked jurisdiction over a parent company because plaintiff's "broad[] attribut[ion]" of the defects at issue to "[d]efendants as a group" was "threadbare" and insufficient to support personal jurisdiction.).  Jurisdiction over a subsidiary is not imputed to the parent company unless an agency, alter ego, or veil piercing theory is sufficiently plead.  *Invacare Corp. v. Sunrise Med. Holdings, Inc.*, No. 1:04 CV 1439, 2004 U.S. Dist. LEXIS 28169, at *22 n.6 (N.D. Ohio Dec. 15, 2004) (determining that the court lacks personal jurisdiction over an out of state parent company noting that the "fact that some related entities have similar names does not automatically result in an agency relationship").  Here, the Amended Complaint does not contain any allegations that ALATUS was acting as ALSA's alter ego or that could support a veil piercing theory.  Plaintiff's conclusory assertion that ALSA "directed Defendant ALATUS as its agent to execute [the Projects]" (Amended Compl. ¶ 26) is not sufficient.  *Oasis Entm't Complex, Inc. v. Lawrence*, No. 98-3218, 1999 U.S. App. LEXIS 9063, at *7 (6th Cir. May 7, 1999) (affirming dismissal because the complaint did not bring forth sufficient evidence indicating agency); *see also Mallinckrodt*, 2024 U.S. Dist. LEXIS 51211, at *12 (rejecting plaintiff's argument that ALSA and its two U.S. subsidiaries had an agency relationship based on similar conclusory allegations that ALSA controlled and directed its subsidiaries).  This is particularly the case here where ALATUS and ALSA are both separate legal

10

entities with four (4) levels of corporate structure between them, no overlap between the directors and officers, and separate day-to-day management.  Decl. ¶ 3.

Plaintiff's reference to a single website press release issued in France by the Group is unavailing.  The press release—issued almost two years after the start of the Pennsylvania Project—makes no mention of OVC, Gruppo, or Ohio.  Amended Compl., Ex. A.  In any case, a statement posted on a website by "Air Liquide" from France "publicly announc[ing] the Pennsylvania and Michigan projects" does not constitute ALSA purposefully directing any activity at Ohio.[8]  Amended Compl. ¶ 16; *see, e.g.*, *Bird*, 289 F.3d at 874 (noting that operating a passive website accessible in the forum state does not, by itself, constitute purposeful availment); *Cadle Co. v. Schlichtmann*, 123 F. App'x 675, 678-680 (6th Cir. 2005) (determining that the operation of and a statement on a website were insufficient to confer jurisdiction); *Reynolds v. Int'l Amateur Ath. Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994) (holding no personal jurisdiction over a defendant who published a press release about the plaintiff residing in Ohio).  In *Mallinckrodt*, the plaintiffs similarly contended that ALSA's statements on its website indicated that it purposefully directs activities at the United States.  2024 U.S. Dist. LEXIS 51211, at *7.  The court rejected that argument, concluding that:

> The evidence Plaintiffs cite does not suggest that ALSA, rather than another company in the Air Liquide group, has contacts with the United States. Plaintiffs' reference to a website, for example, mentions both "Air Liquide" and "[t]he Group." . . . Given that the website describes the Air Liquide group generally, this evidence does not suggest that ALSA itself has contacts with the United States.

*Id.* at *11.  Likewise, here, a press release issued by "Air Liquide" from France does not demonstrate ALSA had sufficient contact directed at Ohio.

*Second*, the Amended Complaint does not assert any claims that arise from ALSA's

---

[8] The press release notes it was issued from Paris on April 10, 2024.  Amended Compl., Ex. A.

activities in Ohio.  Indeed, Plaintiff does not allege any specific activity by ALSA in Ohio (or the United States).  *Supra* § I.  Vague allegations regarding ALSA's global business are not sufficient. *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 441-42 (6th Cir. 2022) ("[M]ention of general injurious conduct occurring in Ohio" absent "explanation of what acts or activities occurred in the state" is insufficient to support specific jurisdiction); *see also Wilson,* 2024 U.S. Dist. LEXIS 192103, at *10-11 (Pearson, J.) ("Even when Plaintiff's contention that 'both companies regularly do business in the state of Ohio on a worldwide stage[]' is considered, Plaintiff still fails to meet his *prima facie* burden because he provides no articulation of what activities or acts occurred in Ohio.").

*Third*, exercising jurisdiction is not appropriate as it would force ALSA into difficult and inconvenient litigation in an unexpected forum.  *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 797 (6th Cir. 1996).  The Sixth Circuit has emphasized that foreign defendants like ALSA should not be hauled into a distant forum based on tenuous or incidental contacts.  *Id.* ("Special concerns arise when a plaintiff attempts to bring a foreign defendant within our national borders.").  Here, ALSA is a French company that has no direct presence in Ohio or anywhere else in the United States.  ALSA could not have reasonably anticipated being brought into Ohio to litigate in connection with a construction project involving one of its indirect subsidiaries. *Revolution Sales*, 2014 U.S. Dist. LEXIS 172963, at *9 (Pearson, J.).

## II.  Plaintiff Fails to State a Claim Against ALSA

The Amended Complaint also fails to sufficiently plead a claim against ALSA and should be dismissed under Rule 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss, "the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff."  *Id.* at *6. However, "[a]lthough this is a liberal pleading standard,

12

it requires more than the bare assertion of legal conclusions." *Id.*  A plaintiff bears the burden of alleging "enough factual matter," taken as true "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.  Here, Plaintiff has not met its burden to state a plausible claim against ALSA.

### A.  Plaintiff Fails to State a Claim for Fraudulent Inducement (Count IV)

The Amended Complaint fails to sufficiently allege a fraudulent inducement claim against ALSA.  A claim for fraudulent inducement requires: a material misrepresentation (or concealment where there is a duty to disclose), made falsely with knowledge or reckless disregard, with intent to mislead, justifiable reliance, and resulting injury.  *See Whitacre v. Nations Lending Corp.*, No. 5:19CV809, 2019 U.S. Dist. LEXIS 127759, at *17-19 (N.D. Ohio July 31, 2019) (Pearson, J.) (dismissing a plaintiff's claim for fraudulent inducement because the allegations were insufficient to state a claim); *Boulder Healthcare, LLC v. Boulder FG Holdings, LLC*, No. 1:20 CV 2171, 2024 U.S. Dist. LEXIS 120587, at *12 (N.D. Ohio Mar. 18, 2024).  The fraudulent inducement claim against ALSA is also subject to the heightened pleading requirements under Fed. R. Civ. P. 9(b), which require a party to make particular factual allegations of "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quotation omitted).

Here, the Amended Complaint does not contain any specific allegations regarding any misrepresentations by ALSA.  Plaintiff makes a sole, vague allegation that "ALATUS and [ALSA], acting directly and through their project personnel, falsely represented that Plaintiff's invoices would be paid once internal approvals were obtained, and that requests for more payment

would be processed in the ordinary course." Amended Compl. ¶ 54. But Plaintiff does not include any of the required specificity, such as the when, where, how, or by whom any such statement was made. *Dana Ltd. v. Aon Consulting, Inc.*, 984 F. Supp. 2d 755, 769-70 (N.D. Ohio 2013) (dismissing a fraudulent misrepresentation claim for failure to plead any specific facts as required by Rule 9(b)). Furthermore, many of the allegations in the Amended Complaint are also impermissibly group pled as to "ALATUS and [ALSA]", rather than describing the role that each Defendant supposedly played. That type of group pleading is also not sufficient to state a claim. *See, e.g.*, *Kurek v. Ohio Dep't of Dev. Disabilities*, No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio Jan. 20, 2017) ("[C]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient: vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts fails to satisfy the Iqbal/Twombly standard.") (quotation omitted); *see also Niederst v. Minuteman Capital, LLC*, No. 1:23-cv-117, 2024 U.S. Dist. LEXIS 130270, at *12 (N.D. Ohio July 24, 2024) (dismissing claims based on "interspersed, general allegations" insufficient to state a plausible claim and "constitut[ing] impermissible group pleadings").

### B.  Plaintiff Fails to State a Claim for Civil Conspiracy (Count VII)

A civil conspiracy claim under Ohio law requires: (1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) the existence of an unlawful act independent from the conspiracy itself. *See Plastics Mach. Grp., Inc. v. Thermoforming Process, Prods.*, No. 1:24 CV 185, 2025 U.S. Dist. LEXIS 36118, at *30 (N.D. Ohio Feb. 28, 2025). Here, Plaintiff fails to state a plausible claim for civil conspiracy.

*First*, a parent company like ALSA cannot conspire with one of its subsidiaries. *Lincoln Elec. Co. v. Manahan*, No. 1:10 CV 00724, 2011 U.S. Dist. LEXIS 89169, at *18 (N.D. Ohio Aug.

14

11, 2011) (recognizing that a parent and subsidiary cannot conspire with one another); *Girgis v. Countrywide Home Loans, Inc.*, No. 1:10-CV-00590, 2010 U.S. Dist. LEXIS 114842, at *32 (N.D. Ohio Oct. 28, 2010) (same). *Second*, Plaintiff does not allege any unlawful underlying act by ALSA. *See Plastics Mach. Grp.*, 2025 U.S. Dist. LEXIS 36118, at *30. As set forth herein, Plaintiff has not alleged any other plausible tort against ALSA and accordingly cannot assert a claim for civil conspiracy. *Third*, Plaintiff has not sufficiently alleged ALSA maliciously targeted Plaintiff. *Reo v. Lindstedt*, No. 1:19cv02589, 2020 U.S. Dist. LEXIS 252178, at *20-21 (N.D. Ohio Aug. 12, 2020) (holding that conclusory allegations are insufficient to establish the malicious combination element); *Trans Rail Am., Inc. v. Hubbard Twp.*, No. 4:08CV2790, 2010 U.S. Dist. LEXIS 2682, at *7-10 (N.D. Ohio Jan. 13, 2010). Plaintiff makes only conclusory allegations and lumps ALSA together with ALATUS, which is not sufficient to state a claim.

## C. The Amended Complaint Fails to State a Claim for Quantum Merit (Count I) or Unjust Enrichment (Count II)

The elements to state a claim for quantum meruit and unjust enrichment are essentially the same, and require a showing of: (i) a benefit conferred by the plaintiff upon the defendant; (ii) knowledge by the defendant of the benefit; and (iii) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Schneider v. Credit Hum. Fed. Credit Union*, No. 4:20CV1747, 2021 U.S. Dist. LEXIS 8479, at *13-15 (N.D. Ohio Jan. 15, 2021) (holding that the plaintiffs failed to plead specific allegations to support a claim for quantum meruit and unjust enrichment). Plaintiff has not met its burden to state a claim here.

*First*, Plaintiff does not sufficiently allege that any of Plaintiff's "labor, materials, and deliverables" benefitted ALSA. Amended Compl. ¶ 47. "In order for a plaintiff to confer a benefit on a defendant, an economic transaction must exist between the parties." *Hoffer v. Cooper Wiring Devices, Inc.*, No. 1:06CV763, 2007 U.S. Dist. LEXIS 42871, at *11 (N.D. Ohio June 13, 2007).

Plaintiff alleges that ALSA benefitted by "incorporating Plaintiff's work into its global announcements, investor messaging, and climate commitments." Amended Compl. ¶ 47. But this conclusory assertion cannot support any claim. The Amended Complaint does not explain how any alleged climate strategies or investor messaging relied on or used any of Plaintiff's alleged work, much less how it improperly benefited ALSA. Nor does Plaintiff include any factual allegations to support any connection between its alleged work on the Pennsylvania Project and anything that ALSA said to investors or used in its "climate commitments." While Plaintiff refers to one press release, that statement makes no reference to Plaintiff or any work performed by Plaintiff. Amended Compl., Ex. A. And a parent company's reference to a project involving a subsidiary that may have used certain sub-contractors would in any case be too attenuated and indirect to support any claim. *In re Gas Nat., Inc.*, No. 1:13-CV-02805, 2014 U.S. Dist. LEXIS 184046, at *64-65 (N.D. Ohio Sep. 24, 2014) (recommendation and report adopted in *In re Gas Nat., Inc.*, No. 1:13 CV 02805, 2015 U.S. Dist. LEXIS 72538 (N.D. Ohio June 4, 2015)).

*Second*, there are no allegations that ALSA knew of Plaintiff's particular work, much less knew of any alleged benefits from such work. A plaintiff must plead specific allegations of knowledge that the defendant had about the benefit. *Szep v. GM LLC*, 491 F. Supp. 3d 280, 294-95, 299 (N.D. Ohio 2020) (determining an unjust enrichment case claim fails for failure to allege specific facts demonstrating knowledge that rise above mere speculation.); *Hoffer*, 2007 U.S. Dist. LEXIS 42871, at *14 (dismissing an unjust enrichment claim because plaintiff failed to satisfactorily allege defendant knew of a benefit).

### D.  Plaintiff Fails to State a Claim for Tortious Interference (Count VI)

To state a claim for tortious interference, a plaintiff must demonstrate the existence of a business or contractual relationship, defendant's knowledge of such relationship, intentional and

16

improper interference, lack of privilege, and resulting damages. *Bodine Perry, PLLC v. Bodine*, 667 F. Supp. 3d 617, 635 (N.D. Ohio 2023) (dismissing a tortious interference claim because the plaintiff failed to allege a specific business relationship or show that the defendant intentionally caused a third party to discontinue a relationship); *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999). Here, the Amended Complaint fails to sufficiently plead a number of these elements. *First*, Plaintiff does not sufficiently identify any business or contractual relationship that was interfered with. Plaintiff vaguely alleges interference with "valid business relationships and economic expectancies with multiple suppliers and subcontractors," but does not actually identify any suppliers or subcontractors. Amended Compl. ¶ 63.

*Second*, Plaintiff does not allege ALSA had the requisite knowledge of any relationship with the unidentified "suppliers and subcontractors." *Id.* A tortious interference claim specifically requires that the defendant has actual knowledge of the business or contractual relationship, including factual allegations of when the defendant learned of the relationship and knowledge of the existing contract. *Roy's Travel Bureau, Inc. v. Inspire Travel Grp., LLC*, No. 5:25-cv-1427, 2025 U.S. Dist. LEXIS 200915, at *16-17 (N.D. Ohio Oct. 10, 2025) (citing *Becker v. Cardinal Health, Inc.*, 179 N.E.3d 769, 779 (Ohio Ct. App. 2021)) (dismissing a tortious interference case for failure to sufficiently plead how defendant knew of the at issue business relationships). Here, the Amended Complaint does not include any allegations that ALSA had actual knowledge of Plaintiff's unnamed business relationships.

*Third*, there are no well-pled allegations that indicate how ALSA allegedly interfered with any business relationship Plaintiff had with anyone. Plaintiff alleges that ALSA "direct[ed]" ALATUS to "use Plaintiff's schedules, methods, and supplier access to build a framework for Michigan and future projects without Plaintiff," but provides no explanation for how any of that

17

alleged activity interfered with any of Plaintiff's unidentified contracts or business relationships. Amended Compl. ¶ 65. Nor does the Amended Complaint sufficiently plead any type of agency relationship between ALSA and ALATUS. *Bird v. Delacruz*, No. 04-CV-661, 2005 U.S. Dist. LEXIS 48388, at *10-11 (S.D. Ohio July 6, 2005) (dismissing claims where plaintiff merely made conclusory allegations of agency).

*Fourth*, Plaintiff also fails to sufficiently plead the requisite injury proximately caused by the alleged interference. Plaintiff's conclusory reference to incurring "substantial damages" is a legal conclusion and not enough. Amended Compl. ¶ 66.

### E.  Plaintiff is Not Entitled to Declaratory Relief (Count VIII)

Plaintiff seeks a declaratory judgment that "Plaintiff holds the right to be paid for the labor, services, and materials furnished, and that Defendant ALATUS and [ALSA] may not retain or use Plaintiff's work product without full compensation under the laws of the state of Ohio." Amended Compl. ¶ 73. Declaratory relief is not warranted here where it is duplicative of Plaintiff's other (defective) claims. *Kalus v. Metro. Life Ins. Co.*, No. 1:24 CV 207, 2024 U.S. Dist. LEXIS 157329, at *11 (N.D. Ohio Sep. 3, 2024) (dismissing plaintiff's claim for declaratory judgment because it was duplicative and "mirrors" plaintiff's other claim); *Ehplabs Rsch., LLC v. Smith*, No. 5:22CV0653, 2022 U.S. Dist. LEXIS 140040, at *22 (N.D. Ohio Aug. 5, 2022) ("Federal courts may dismiss a claim for declaratory judgment that is redundant of other claims in the case because redundant claims serve no useful purpose"). Because Plaintiff's claims are baseless, its request for a related declaratory judgment is likewise baseless and redundant.

Similarly, as Plaintiff acknowledges, it seeks declaratory judgment that it is entitled to recover for the "labor, services, and materials" it purportedly furnished, which is the subject of Plaintiff's separate quantum meruit and unjust enrichment claims. Amended Compl. ¶¶ 43, 47,

73. Because the issue is subsumed in these separate claims, no declaratory relief is warranted. *Krawczyszyn v. Columbian Life Ins. Co.*, No. 1:21 CV 85, 2021 U.S. Dist. LEXIS 121711, at *5 (N.D. Ohio June 30, 2021) (recognizing that courts typically deny declaratory relief if there is a more appropriate alternative remedy); *World Shipping v. RMTS, LLC*, No. 1:12 CV 3036, 2013 U.S. Dist. LEXIS 25996, at *14 (N.D. Ohio Feb. 22, 2013).

## III.    The Court Should Issue a Stay Pending Arbitration

To the extent the claims against ALSA are not otherwise dismissed, the Court should issue a stay pending the outcome of the pending arbitration between ALATUS and Plaintiff.  As set forth in ALATUS' motion to dismiss, transfer or stay, the underlying claims in the Amended Complaint are subject to arbitration.  Arbitration Mot. at 7-13.  Accordingly, ALATUS has asked the Court to dismiss this action in favor of arbitration or transfer the case, and/or to stay the action pending resolution of the pending arbitration.  *Id.* at 1, 14.  To the extent the Court determines that the dispute between Plaintiff and ALATUS is subject to arbitration, it should stay any remaining claims against ALSA pending the resolution of the arbitration.

Staying the case pending the arbitration will best serve the interests of efficiency and judicial economy.  The arbitration between ALATUS and Plaintiff will address and resolve the underlying claims and overall dispute between ALATUS and Plaintiff, including many of the issues raised in the Amended Complaint.  *Id.* at 12-13.  The claims asserted against ALSA are derived from the claims that Plaintiff asserts against ALATUS and are a byproduct of their dispute. Indeed, as discussed above, the Amended Complaint contains conclusory allegations that ALATUS was acting as ALSA's agent and lumps ALATUS and ALSA together.  The arbitration will address and adjudicate the relevant allegations and claims between ALATUS and Plaintiff, and therefore will also resolve what are effectively improper derivative claims against ALSA. Where a pending arbitration will address and resolve issues, allegations or claims raised in a

parallel lawsuit, it is appropriate to stay the lawsuit to give effect to the arbitration and also avoid the risk of inconsistent judgments. *Liedtke v. Frank, Javitch, Block & Rathbone*, 437 F. Supp. 2d 696, 700 (N.D. Ohio 2006) (issuing a stay pending arbitration for a non-arbitrating party because the plaintiff's claims against the non-arbitrating party related to the issues, allegations and claims in arbitration); *Borcherding Enters. v. Heritage Advisory Grp. of S. Ind.*, No. 1:06-CV-003, 2006 U.S. Dist. LEXIS 103876, at *16 (S.D. Ohio July 12, 2006) (staying a case for non-arbitrating parties because "given that arbitration will address the core issue in the case, the desire to avoid inconsistent results and conserve judicial resourses [sic] are the most important considerations in deciding whether to stay the entire proceedings."). Additionally, because the arbitration will likely eliminate or materially reduce the remaining claims asserted in this action, a stay will serve judicial economy. *See Meldrum v. Dillard's Inc.*, No. 5:21-CV-01673, 2022 U.S. Dist. LEXIS 72742, at *4 (N.D. Ohio Apr. 19, 2022) (granting a stay pending arbitration for a non-arbitrating party to promote judicial economy); *Hope Christian Fellowship v. Chesapeake Energy Corp.*, No. 4:15CV02275, 2016 U.S. Dist. LEXIS 135737, at *29 (N.D. Ohio Sep. 29, 2016) (Pearson, J.).

## <u>CONCLUSION</u>

For the foregoing reasons, ALSA respectfully requests that this Court grant its motion and dismiss the claims against ALSA with prejudice or in the alternative stay the action pending the resolution of the arbitration.

Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Sean P. McCormick*
Sean P. McCormick, Trial Attorney (0088281)
Kelsey J. Mincheff (0097720)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, OH 45342
Telephone: 937.443.6600
Facsimile: 937.443.6635
Sean.McCormick@ThompsonHine.com
Kelsey.Mincheff@ThompsonHine.com

Thomas L. Feher (0038575)
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: 216.566.5532
Facsimile: 216.566.5800
Tom.Feher@ThompsonHine.com

Gregory M. Starner (admitted *pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: 212-819-8839
gstarner@whitecase.com

*Attorneys for Defendant L'Air Liquide S.A.*

## **CERTIFICATE OF MEET AND CONFER**

The undersigned certifies that a written request to dismiss this case was sent to opposing

counsel on December 29, 2025. Opposing counsel has not responded by the time of this filing and

the undersigned believes it is still entitled to dismissal based on the reasons set forth in the attached

memorandum.


*/s/ Sean P. McCormick*
Sean P. McCormick

## STATEMENT CERTIFYING COMPLIANCE WITH L.R. 7.1

I hereby certify that this case is assigned to the standard track and the foregoing memorandum adheres to the page limitation set forth in Local Rule 7.1(f).


*/s/ Sean P. McCormick*
Sean P. McCormick

## CERTIFICATE OF SERVICE

I certify that on December 30, 2025, the foregoing was filed electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means.  The parties may access this filing through the Court's ECF system.

*/s/ Sean P. McCormick*
Sean P. McCormick